## REPORT OF MICHAEL ARNALL, M.D.

My name is Michael Arnall, and I am a medical doctor concentrating in the field of forensic pathology. My curriculum vitae is attached to this report.

I have received from the office of legal counsel for Mrs. Goode the following:

1) Photo of Troy Good with his son;

2) Amended complaint;

3) Police report;

4) EMS report;

5) Baptist medical records;

6) Video at the scene of arrest;

7) Video of ambulance unloading Mr. Goode at the hospital;

8) USA Today article;

9) Mississippi State autopsy report signed by Erin Barnhart, M. D.;

10) Autopsy report of Cyril Wecht, M.D.;

11) Report and curriculum vitae of Parin Parikh, M.D.;

12) Report and curriculum vitae of David E. Nichols, Ph.D.;

13) Deposition of Nurse Jeff Baker;


EXHIBIT C

14) 42 CFR 482.13;

15) Coroner's report;

16) Deposition of Sergeant Matthew Tyler Price; and

17) Deposition of an independent witness, Janet Tharpe.

In addition to the furnished materials, I rely upon my education and experience of a forensic pathologist in stating my opinion as to the cause of death of Troy Goode.

My understanding of the facts of this incident are as follows:

## FACTUAL PREDICATE

On July 18, 2015, Troy Goode and his wife, Kelli, travelled from their home in Cordova, TN to the Snowden Grove music venue in Southaven, MS for a Widespread Panic concert. The Goodes parked under a tree in the parking lot of the venue. They were joined by four or five of Mr. Goode's friends. The males including Mr. Goode placed some amount of LSD onto their palms.

After ingesting the LSD, Mr. Goode became paranoid and claustrophobic. The thought of attending the concert was abandoned, and Mrs. Goode got her husband in the passenger seat of their car so she could drive him home.

Mrs. Goode was driving along Goodman Rd. in Southaven when Mr. Goode said that he could not stand the confines of the automobile. Mrs. Goode pulled into a parking lot in front of a small shopping center after Mr. Goode exited the vehicle.

Mr. Goode began walking about in a grassy area in front of the shopping strip. His actions appeared erratic and without purpose. He could be described as running in circles. A

witness in one of the businesses in the strip shopping center saw what was going on and the witness contacted the Southaven Police Department.

Multiple officers arrived on the scene.

Mr. Goode was taken to the ground by a K9 dog. Serious bite wounds were inflicted on Mr. Goode's arm.

Mr. Goode was also hit by a Taser dart fired by an Officer.

Officers applied pressure into Mr. Goode's back, pulled his arms behind him, handcuffing him. His feet were then bent up and shackled to his hands, a position commonly referred to as "hog-tie." He was face-down on the ground. Mr. Goode was struggling to roll onto his side but was held down in a prone position by officers.

Subsequently an ambulance with emergency medical personnel had arrived. A gurney was taken from the ambulance and lowered to the ground. Police officers picked up Mr. Goode by the shackles and placed him face down on the gurney. Five straps were then used to secure Mr. Goode to the gurney. He was loaded into the ambulance

Responding personnel were told that Mr. Goode was asthmatic and carried an inhaler in his pocket.

The ambulance in non-emergent manner leisurely transferred Mr. Goode to Baptist Memorial Hospital-Desoto. Mr. Goode was transported in the ambulance still hogtied and prone.

During the transport, at 8:20 p.m., an EMT recorded supraventricular tachycardia with a pulse rate of 164. Five minutes later, she again recorded SVT, heart rate of 186 I believe. Within that five minutes, Mr. Goode's diastolic blood pressure dropped 30 points to around 61.

Also during the ambulance transport, the EMT placed an IV in Mr. Goode's left arm. Apparently the EMT had a chemical restraint available in the ambulance. She did not resort to its use in spite of the claim that Mr. Goode was uncontrollable.

At 8:33 p.m., Mr. Goode was triaged at Baptist. His temperature was taken orally and recorded at 98.2 degrees Fahrenheit. His pulse was recorded at 164, and the software apparently registered a warning next to the reading. Respiration was recorded at 24. Blood pressure was recorded at 122/64 mmHg. SpO2 registered 90%, and again, the hospital software apparently recorded a warning alert next to the oxygen reading.

After triage was completed, he was assigned an acuity level of 2 on the ESI index. He was transported, still hogtied and prone, to a room in the Emergency Department. Janet Tharpe was an independent witness in the ED. Mr. Goode was wheeled past her within several feet. She described Mr. Goode's face as "swelled-up and just red. His eyes were bulged out. It was horrifying." Ms. Tharpe further testified that Mr. Goode was totally incapable of movement because of the hogtie. No cardiac monitor or supplemental oxygen was used. I am not aware that oxygen saturation was measured in the treatment room.

I am not aware that vital signs were measured subsequent to transfer to the treatment room in the Emergency Department. At approximately 9:00 p.m., the emergency physician came into the room but performed no examination whatsoever. It is my understanding that the physician gave the excuse for omitting a physical examination that the patient was unruly. This is in sharp contrast to the description of the patient given by the witness Ms. Tharpe. Mr. Goode remained hogtied and prone. The doctor ordered tests including alcohol blood, drug screen urine panel, urinalysis auto microscopic, comprehensive metabolic panel, CBC with differential but no arterial blood gas. I have not seen the test results. It appears

that the test results were never obtained.

The patient had an intravenous catheter in place. There is no explanation given for the failure to obtain results for the tests ordered by the physician.

The doctor also ordered Haldol 5 mg and Ativan 2 mg. Those medications were injected IV by a nurse at 9:08 p.m. Within 14 minutes, the patient had no respirations. After injecting the Haldol and Ativan, the nurse left the room leaving only a police officer with Mr. Goode. There was no medical supervision before the code was called.

At 9:22 p.m., the police officer notified medical personnel that Mr. Goode had stopped breathing. It was only upon arrival in the room of medical personnel after Mr. Goode stopped breathing that the hog-tie was released and Mr. Goode turned off of his stomach. A code was called at that time. Bedside Glucose was measured at 95 mg/dL. The resuscitation was unsuccessful, and the doctor pronounced death at 9:44 p.m. The emergency doctor signed a state of Mississippi Death Certificate listing as the preliminary cause of death as "cardio pulmonary arrest." Months after the autopsy was done in Jackson, MS. the assistant medical examiner, by then relocated to South Texas, signed the report which listed the cause of death as complications of LSD.

Post mortem toxicology was performed twice. The toxicology report from NMS Labs found LSD in the amount of 1.0 mg/mL in Mr. Goode's subclavian blood. There was no evidence of any of the so-called "designer" drugs considered to be highly dangerous.

## THE EFFECTS OF POLICE RESTRAINTS AND POSITION

My professional opinion is that the hogtie in a prone position for an extended period of time was a substantial contributing cause of the death of Mr. Goode. In this case the hogtie restraint lasted 1.5 to 2 hours. A person who is handcuffed and hogtied plus being restrained

prone has trouble breathing. The fact that Mr. Goode was asthmatic was an exacerbating factor to the hogtie in a prone position. Likewise, the excited state precipitated by ingestion of LSD increased his susceptibility to the cardiac arrhythmia which was demonstrated by the EMS ECG.

Regarding the respiration component of the death, it is long been known that positional or restraint asphyxia can occur when a person is hogtied in a prone position. The victim is unable to reposition himself in order to breathe. The asphyxia can be caused by facial compression, neck compression, or chest compression. Passive deaths following custody restraint which are presumed to be positional asphyxia may actually be asphyxia occurring during the restraint process. Testimony in the case appears to have established that officers applied weight to Mr. Goode's back during restraint. An officer admitted that he restrained Mr. Goode so that he could not roll over onto his side, a move which obviously demonstrates an effort to get increased oxygen. It is of import that officers at the time of arrest applied pressure to Mr. Goode to keep Mr. Goode from rolling on his side. The fact that Mr. Goode experienced a restricted ability to breathe is corroborated by the pulse oximeter reading taken during triage and the testimony of Janet Tharpe, an independent witness, who described in detail Mr. Goode's distress while being wheeled down the hall of the Emergency Department.

Likewise, the National Institute of Health has concluded that persons restrained face down with application of body weight on the upper torso and/or in a flex restraint position showed a significant reduction in lung function.

## THE BAPTIST MEDICAL RECORDS

The medical records indicate that Mr. Goode was screaming uncontrollably and actively hallucinating. The record documents that Mr. Goode was combative and agitated. Haldol and

Ativan, which are chemical restraints, were administered intravenously. The attending physician ordered a comprehensive metabolic panel, although there is no record of results of this test. During the attempted resuscitation of Mr. Goode, the physician ordered the administration of sodium bicarbonate. Sodium bicarbonate is used to reverse the condition called acidosis. Acidosis may be due to metabolic causes such as vigorous exercise or respiratory causes such as decreased or compromised respiratory efforts. Mr. Goode experienced both causes of acidosis. He was predictably straining against the prone hogtie restraint as anyone would, a version of isometric weight lifting. The evidence that he was straining against the shackles is shown by the contusions on his wrist and ankles. Mr. Goode was subject to metabolic acidosis and at the same time to involuntarily compromised respiratory effort caused by the prone hogtie restraint. In medical terms, he was subject to respiratory acidosis as well.

Thy hyperventilation associated with yelling and screaming due to the agitated state was a substantial benefit in keeping Mr. Goode alive as it kept him in a compensated condition between the metabolic and respiratory acidosis induced by the prone hogtie restraint and the respiratory alkalosis induced by hyperventilation due to the effects of LSD. Strictly speaking, the effects of LSD and hyperventilation were substantially benefiting Mr. Goode's physiologic attempt to compensate for the restraint-induced metabolic and respiratory acidosis.

When the physician ordered and the nurse administered the chemical restraints, the compensatory respiratory alkalosis was suppressed by the Haldol and Ativan. Mr. Goode should have been closely monitored after the administration of the chemical restraints in order to detect respiratory and cardiac status changes in a timely fashion. Medical personnel failed to monitor Mr. Goode's respiratory and cardiac status so that when his breathing stopped, irreversible damage was caused before the resuscitation began.

## OPINIONS

Many individuals hogtied and prone show a significant reduction in lung function. (www.ncbi.nlm.nih.gov/pubmed/18533573)

Any person who is restrained prone has trouble breathing when hogtied, and the natural reaction is to panic, struggle, sometimes more violently, which can result in greater oxygen deficiency (as evidenced here) and in some cases death (also evidenced here).(www.ncbi.nlm.nih.gov/pmc/articles/PMC1112961/{*Acute Excited States And Sudden Death, Death After Restraint Can Be Avoided*})

Mr. Goode was at high risk from being hogtied and in a prone position due to his asthmatic condition.

Mr. Goode suffered respiratory compromise and cardiac arrhythmias, caused by hogtie restraint, which were substantially contributory to his death.

A struggling, agitated individual breaths faster, has a faster heartbeat, elevated blood pressure and heightened metabolism. Such an individual requires more air and more oxygen. The struggling individual experiences the propensity for metabolic acidosis experienced by all vigorously exercising individuals. The body naturally responds by increased respiration that causes a compensatory respiratory alkalosis. Immobilization of the chest, even if only partially reducing the ability to maintain vital functions such as breathing, predictably exacerbates the risk of cardiac arrhythmia.( http://www.corrections.com/news/article/6887 **Reducing the Risk Associated with Use of Restraints**

The use of prone restraint predictably exacerbates the risk of sudden death and many deaths have occurred in individuals, who while in police custody had been restrained in this position. The death of Troy Goode from a forensic pathology standpoint should be classified as a homicide. His death cannot be classified as a case of natural death or accident.( Medicolegal Investigation of Death, fourth edition, edited by Werner Spitz) and (DiMaio and DiMaio's Forensic Pathology, second edition) and (A Guide for Manner of Death Classification", published by the National Association of Medical Examiners (NAME) 2002) and (Excited Delirium Syndrome, DiMaio and DiMaio, 2006) and (Sudden Deaths in Custody, Ross and Chan

editors, 2006) and (Handbook of Forensic Pathology, 2003, published by the College of American Pathologists)

Based upon a reasonable degree of medical certainty, Mr. Goode's death was caused by the manner of restraint and positioning (precipitating asphyxia) and the subsequent intravenous administration of chemical restraints which exacerbated asphyxia and ultimately precipitated cardio-pulmonary arrest.

My charge for medico-legal consulting is $150.00 per hour.

Electronically signed by Michael Arnall, M.D.
Michael Arnall, M.D.


Date: July 30, 2017

# Michael F. Arnall, M.D.

**Education**

| | |
|---|---|
| 1977 | BA Biology, Cum Laude<br>University of California, San Diego |
| 1982 | M.D.<br>Washington University School of Medicine, St. Louis, Missouri |
| 1982 to 1986 | Internship and Residency in Pathology<br>University of Colorado Health Sciences Center |
| 1986 to 1987 | Fellowship in Forensic Pathology<br>Denver County Coroner's Office, Denver, Colorado |
| 1988 to 1989 | Fellowship in Surgical Pathology<br>Baylor College School of Medicine, Houston, Texas |

**Experience**

| | |
|---|---|
| 1987 to 1988 | Associate Medical Examiner, Commonwealth of Massachusetts, Boston |
| 1989 to 1992 | Private Practice of Pathology, Graves Pathology Associates,<br>Ft. Myers, Florida |
| 1989 to 1992 | Associate Medical Examiner, District 21 Florida |
| 1996 | Associate Medical Examiner, District 15 Florida |
| 2005 to 2009 | Forensic Pathologist for Adams County, Colorado |
| 2005 to 2009 | Forensic Pathologist for Larimer County and Weld County, Colorado |
| 2009 to 2010 | Forensic Pathologist for the National Forensic Pathology Service,<br>Auckland, New Zealand |
| 2011 to 2014 | Forensic Pathologist for Boulder County, Colorado |
| 2011 to 2016 | Forensic Pathologist for Adams and Broomfield Counties, Colorado |
| August 1992<br>to present | Private Practice of Anatomic, Clinical and Forensic Pathology<br>Michael F. Arnall, M.D., PC. |

**Licensure**

Colorado #27368

Page 1 of 2

Michael F. Arnall, M.D.

## Board Certifications

Diplomate American Board of Pathology

| | |
|---|---|
| 1988 | Anatomic Pathology |
| 1988 | Clinical Pathology |
| 1989 | Forensic Pathology |

## Medical Staff Appointments

| | |
|---|---|
| 1989 to 2001 | Glades General Hospital<br>Laboratory Director 1990 to 1996<br>Belle Glade, Florida |
| 1989 to 2000 | Hendry General Hospital<br>Laboratory Director 1990 to 1996<br>Clewiston, Florida |
| 1996 to 2004 | Lawnwood Regional Medical Center<br>Laboratory Director 2001 to 2003<br>Fort Pierce, Florida |

## Professional Societies and Memberships

College of American Pathologists

American Society of Clinical Pathologists

American Academy of Forensic Sciences

National Association of Medical Examiners

## Publication

Susan G. Elner, MD; Victor M. Elner, MD, PhD; Michael Arnall, MD; Daniel M. Albert, MD: "Ocular and Associated Systemic Findings in Suspected Child Abuse, A Necropsy Study," Archives of Ophthalmology, Vol. 108, August 1990, pp. 1094-1101.

## Abstract

Wagner J., Ellerbrock TV, Arnall M, Garrison C, Taylor J, Bush T, Stafirn A, Scoles L, Burch L, Russell T, Horsburgh CR: "Rapid Determination of CD4+ T-Lymphocyte Counts in a Hospital Emergency Department Using the STKS Analyzer," Fourth Conference on Retroviruses and Opportunistic Infections, January 22 - 26, 1997

Michael Arnall, M.D. Court Cases

| Case | Date | Number | County |
|---|---|---|---|
| Colorado v Anthony Robert Trujillo | April, 2005 | 17005CR00180 | Adams County |
| Colorado v Omar Marquez Castaneda | May, 2006 | 17005CR01531 | Adams County |
| Colorado v Westley James Ybarra | February, 2006 | 17005CR03947 | Adams County |
| Colorado v Elma Garcia | March, 2006 | 17005CR02748 | Adams County |
| Colorado v Anthony Robert Trujillo | March, 2006 | 17005CR00180 | Adams County |
| Colorado v Troy Mark Brownlow | June, 2006 | 17005CR01125 | Adams County |
| Colorado v Carlos Luis Rosario-Cruz | July, 2006 | 17005T 12455 | Adams County |
| Colorado v Joseph Fortino | July, 2006 | 17005CR01639 | Adams County |
| Colorado v Laura Cervantes | July, 2006 | 06CR1176 | Adams County |
| Colorado v Wendall Maurice Weaver | September, 2006 | 17005CR02969 | Adams County |
| Colorado v Jose Refusio Gonzalez | October, 2006 | 17005CR01676 | Adams County |
| Coloarado in the interest of Brandon Vialpando | October, 2006 | 06 JV 381 | Larimer County |
| Colorado v Annette Vialpando | October, 2006 | 06 JV 381 | Larimer County |
| Coloardo v Rodney Ben Moyer-Ramirez | November, 2006 | 17006CR01092 | Adams County |
| Colorado v Javier Vigil | December, 2006 | 05CR2278 | Adams County |
| Colorado v Javier Vigil | January, 2007 | 17005CR02278 | Adams County |
| Colorado v Jimmy Anglin | January, 2007 | 17006CR01527 | Adams County |
| Colorado v Christopher Medina | January, 2007 | 17006CR1904 | Adams County |
| Colorado v Randall Ruben Romero | January, 2007 | 17006CR00321 | Adams County |
| Colorado v Mathew Gene Wartena | March, 2007 | 17006CR03460 | Adams County |
| Colorado v Peter Alan Weaver | April, 2007 | 17006CR02833 | Adams County |
| Colorado v Adam James Younger | April, 2007 | 17006CR00762 | Adams County |
| Colorado v Kenneth Martin Gildow | June, 2007 | 17006T 16083 | Adams County |
| Colorado v Gerardo Joel Delacruz | July, 2007 | 17005CR03098 | Adams County |
| Colorado v Jose Refugio Gonzalez | August, 2007 | 17005CR01676 | Adams County |
| Colorado v Corey Wagner | September, 2007 | 06CR3398 | Adams County |
| Colorado v Raymond Elias Chacon | September, 2007 | 17007CR01263 | Adams County |
| Colorado v Bryan T Cimiano | October, 2007 | 17007CR02785 | Adams County |
| Colorado v Nicole Monica Roland | October, 2007 | 17007CR02781 | Adams County |
| Colorado v Demond Gene High | November, 2007 | 17006CR03542 | Adams County |
| Colorado v Lee Anthony Madrid | November, 2007 | 17006CR03394 | Adams County |
| Colorado v Gordon Kenneth Black | November, 2007 | 17007CR00660 | Adams County |
| Leonard J. Sack, et. Al. V Oralee Ekberg, D.O. et.al. | December, 2007 | 06CV1482 | Adams County |
| Tracey Cordova, et al. V Derek Aragon, et al. | January, 2008 | 07-cv-008790EWN-CBS | Adams County |
| Colorado v Mathew Gene Wartena | January, 2008 | 17006CR03460 | Adams County |

| Case | Date | Case Number | County |
|---|---|---|---|
| Colorado v Dorey Dean Wagner | February, 2008 | 17006CR03398 | Adams County |
| Colorado v Demond Gene High | February, 2008 | 17006CR03542 | Adams County |
| Colorado v Andrew Coleman Jones | February, 2008 | 06 CR 1901 | Larimer County |
| Colorado v Alicia Elaine Jones | February, 2008 | 17007CR01885 | Adams County |
| Colorado v Jonathan Rex Willis | March, 2008 | 17006CR00499 | Adams County |
| Colorado v Steve Martinez | March, 2008 | 17005CR00335 | Adams County |
| Colorado v Joshua J Beadle | March, 2008 | 17007CR02452 | Adams County |
| Colorado v Quinten Marwialles Arnwine | March, 2008 | 17007CR01544 | Adams County |
| Colorado v Elaine R Shoemaker | May, 2008 | D0012007CR 002952 | Adams County |
| Colorado v Gary Rico Maestas | May, 2008 | D0012007CR 002151 | Adams County |
| Colorado v Mathew Gene Maestas | May, 2008 | D0012007CR 002147 | Adams County |
| Colorado v Victor Vargas-Zapata | May, 2008 | 17007T16651 | Adams County |
| Carmen Duarte and Pedro Zamarron v Univ. Colo. HSC | July, 2008 | 06CV13039 | Denver County |
| Colorado v Albert Daniel Gallegos | August, 2008 | D0012006CR003933 | Adams County |
| Colorado v Jennifer Kaye Freels | August, 2008 | D0012007CR003399 | Adams County |
| Leslie Ann Lovato v Michael McMillan, M.D. et al | October, 2008 | 07CV790 | Adams County |
| Colorado v Marcos Antonio Ramos | November, 2008 | D0012008CR002235 | Adams County |
| Colorado v Victor Manuel Villa-Fierros | November, 2008 | D0012008CR002230 | Adams County |
| Colorado v Jose Albierto Sollano-Figueroa | November, 2008 | D0012008CR002225 | Adams County |
| Colorado v Eugene Pilllip Borrego | Decemver, 2008 | D0012008CR000839 | Adams County |
| Colorado v Bryan David Pike | January, 2009 | D0012008CR002857 | Adams County |
| Colorado v Brian Allen Washington | March, 2009 | D0012006CR003026 | Adams County |
| Colorado v Jennifer Kaye Freels | March, 2009 | D0012007CR003399 | Adams County |
| Colorado v Rodolfo Rauldale-Zuniga | March, 2009 | D0012008CR002306 | Adams  County |
| Colorado v Laura Carole Childress | March, 2009 | D0012008CR002063 | Adams  County |
| Colorado v Lance Leroy McDermed | April, 2009 | D0012008CR000496 | Adams  County |
| Colorado v Jose Alberto Sollano-Figueroa | May, 2009 | D0012008CR002225 | Adams County |
| Colorado v Bryan David Pike | June, 2009 | D0012008CR002857 | Adams County |
| Colorado v Daven Beck | June, 2009 | 09CR70 | Delta County |
| Nebraska v Jeremy Erickson | July, 2009 | CR08-24 | Kimball County |
| Colorado v Andrew Michael Galek | July, 2009 | D0012008CR002007 | Adams County |
| Colorado Harry Denard Williams | July, 2009 | D0012008CR003275 | Adams  County |
| Colorado v Laura Carole Childress | July, 2009 | D0012008CR002063 | Adams  County |
| Colorado v Melvyn Wright Saunders | August, 2009 | D0012005CR001723 | Adams County |
| Colorado v Nicky Allen Martinez | August, 2009 | D0012008CR003341 | Adams County |
| Colorado v Kevin Duane Stunes | August, 2009 | D0012008CR003407 | Adams  County |
| Colorado v Kara Lorelle Lounsbury | August, 2009 | D0012009CR000596 | Adams County |

| Case | Date | Case Number | County |
|---|---|---|---|
| Colorado v Alexander Paul Pacheco | August, 2009 | D0802009CR000017 | Broomfield County |
| Colorado v Eddie Deshawn Harper | August, 2009 | D0012008CR002562 | Adams County |
| Colorado v Justin Michael Taylor | November, 2009 | D0012009CR000391 | Adams County |
| Florida v Gregory R. Junkin | January, 2011 | 09CF02174 | Leon County, Fl. |
| Grand Jury | March, 2011 | | Boulder County |
| Colorado v Adam Ari Raszynski | May, 2011 | 11CR540 | Boulder County |
| Grand Jury | June, 2011 | | Boulder County |
| R v. Wikeeepa | July, 2011 | | Rotorua, New Zealand |
| Colorado v Scarlett | July, 2011 | D0012011CR000396 | Adams County |
| Harner v Chapman | July, 2011 | 2009CV900 | Boulder County |
| Colorado v. Ricardo Martinez Gonzalez | September, 2012 | D0012011CR003217 | Adams County |
| Colorado v. George Julian Ruibal | November, 2012 | 11CR789 | Boulder County |
| Colorado V. Thomas Michael Ceja | November, 2012 | D0012012CR000362 | Adams County |
| Colorado v. Charles Edward Waters | December, 2012 | 11CR1771 | Boulder County |
| Colorado v. David B. Anver | January, 2013 | D0012012CR001902 | Adams County |
| Colorado v. Carlos Lupian Diaz | January, 2013 | D0012012CR00523 | Adams County |
| Colorado v Donald Scarlett | February, 2013 | D0012011CR000396 | Adams County |
| Colorado v Corey Dean Wagner | May, 2013 | D0012006CR003398 | Adams County |
| Colorado v Doris Becky Trujillo | June, 2013 | D0012012CR000457 | Adams County |
| Estate of Vera Jiles v Arapahoe House | June, 2013 | 2012CV301 | Adams County |
| Colorado v Edward Montour | October, 2013 | D0182002CR000782 | Douglas County |
| Colorado v. Seth Erin Wilkinson | December, 2013 | D0012013CR000248 | Adams County |
| Lopez v. Quintana and Rivera | January, 2014 | 2013CV30267 | Adams County |
| Colorado v Roberto Carlos Silva-Jaquez | January, 2014 | D0012012CR003445 | Adams County |
| Colorado v. Demetrius Santiago Trujillo | January, 2014 | D0012012CR002694 | Adams County |
| Colorado V. Anton Jose Valdez | January, 2014 | D0012013CR000027 | Adams County |
| Colorado v Hector Guadalupe Alvarez-Martinon | January, 2014 | D0012012CR003423 | Adams County |
| Colorado v. Steven Arthur Vesich | February, 2014 | D0012013CR002131 | Adams County |
| Colorado v. Richard Joe Minjarez | February, 2014 | D0012013CR000620 | Adams County |
| Colorado v. Brent James Noles | February, 2014 | D0012013CR000959 | Adams County |
| Grand Jury | February, 2014 | | Adams County |
| Colorado v Jennifer Lynne Lewis | February, 2014 | D0012013CR000772 | Adams County |
| Colorado v Mario Moses Oliveros | March, 2014 | D0012013CR000619 | Adams County |
| Colorado v Alex Hernandez | March, 2014 | 12CR 3418 | Adams County |
| Colorado v. Anton Jose Valdez | April, 2014 | D0012013CR000027 | Adams County |
| Colorado v William Dean Otto | May, 2014 | D0012013CR002337 | Adams County |
| Colorado v Alex Hernandez | May, 2014 | D0012012CR003418 | Adams County |

| Case | Date | Case Number | County |
|---|---|---|---|
| Colorado v Irene Walker | June, 2014 | D0012012CR003338 | Adams County |
| People v. Bradley Begay | August, 2014 | 13CR1504 | Boulder County |
| Colorado v. Jeffery Alan Banworth | December, 2014 | D0012012CR003646 | Adams County |
| Colorado v. Joshua Bohl | January, 2015 | D0012014CR003620 | Adams County |
| Colorado v. Secundino John Martinez IV | Febuary, 2015 | 14CR235 | Boulder County |
| Colorado v. Andrew Lynn Johnson | March, 2015 | 13CR1900 | Boulder County |
| Colorado v. Seth Erin Wilkinson | April, 2015 | D0012013CR000248 | Adams County |
| Colorado v. Brian Carl Trujilllo | June, 2015 | D0012014CR001377 | Adams County |
| Colorado in the interest of the Smith Children | June, 2015 | 13 JV 07 | Philips County |
| Grand Jury | May .2016 | | Adams County |
| Colorado v. Stoian | June, 2016 | 15-CR-1761 | Adams County |
| Colorado v. Ashby | June, 2016 | | Otero County |
| Colorado v. Urioste | June, 2016 | D0012015CR001760 | Adams County |
| Colorado v. Minton | June, 2016 | 15CR01173 | Adams County |
| Colorado v. Gary Dodd | May, 2017 | | Jefferson County |
| Colorado v. Castillo | May , 2017 | | Jefferson County |