# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**KELLI DENISE GOODE, Individually,**                                                   **PLAINTIFF**
**and also as the Personal Representative of**
**Troy Charlton Goode, Deceased, and as**
**Mother, Natural Guardian, and Next**
**Friend of R.G., a Minor, and also**
**on behalf of all similarly situated persons**

**V.**                                                                          **NO. 3:17-CV-60-DMB-RP**

**THE CITY OF SOUTHAVEN, et al.**                                           **DEFENDANTS**

## ORDER DENYING NEW TRIAL SETTING

On May 18, 2017, following the case management conference and entry of the case management order, this Court noticed the trial in this case for July 23, 2018.[1] Doc. #286. On July 6, 2017, Baptist Memorial Hospital–Desoto filed a motion seeking a new trial setting. Doc. #296. As grounds, Baptist represents that its counsel "have a prior trial setting involving the weeks of July 23, 2018 and July 30, 2018, in a case pending in the United States District Court, Northern District of Mississippi, styled *Alicia P. Lawrence, Individually and as Legal Guardian and Next Friend of S.B., a Minor v. Baptist Memorial Hospital-DeSoto, Inc., et al.* Case No. 3:16cv251," and that *Lawrence* was re-noticed on April 24, 2017, for a three-week trial beginning July 16, 2018. *Id*. at 2.

On July 20, 2017, Kelli Goode responded in opposition to Baptist's motion for a new trial setting.[2] Doc. #303. Goode argues that Baptist "has failed to show good cause why the trial setting has become unacceptable since the Case Management Conference" because Baptist did not object

---

[1] The case management order, entered May 17, 2017, includes a trial date of July 23, 2018. Doc. #283.

[2] Goode is the only party who filed a response to the motion.

to a July 23, 2018, trial at the case management conference; does not explain its "failure to raise this issue during that conference;" and "does not explain what events, if any, have caused this date to become unavailable since the Case Management Conference or the entry of the Case Management Order." *Id.* at 1–2. Goode also argues that Baptist's motion "is premature in light of the possibility that the present conflict will resolve" based on the outcome of dispositive motions. *Id.* at 1. Goode "requests the Court maintain the current trial date and deny [Baptist's] motion without prejudice to refile should this conflict still exist after resolution of dispositive motions in this case." *Id*. at 2.

Considering, among other things, that the trial date in this case and in *Lawrence* are several months in the future, that there are multiple parties and attorneys involved in this case, that no other party or attorney has indicated a conflict with the current trial date, and that there are a number of pending dispositive motions filed in this case (including those filed by Baptist), the Court declines to move the trial setting at this time. Accordingly, Baptist's motion for a new trial setting [296] is **DENIED without prejudice**.

**SO ORDERED**, this 14th day of March, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**