## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

KELLI DENISE GOODE, Individually,
and also as the Personal Representative of
Troy Charlton Goode, Deceased, and as
Mother, Natural Guardian, and Next
Friend of R.G., a Minor, and also
on behalf of all similarly situated persons.

                Plaintiff,

v.                                     Civil Action No. 3:17-cv-060-DMB-RP

THE CITY OF SOUTHAVEN, et al

                Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE PRECLUDING DEFENDANTS FROM OFFERING OR INTRODUCING EVIDENCE OF ANY INVESTIGATIONS BY THE FEDERAL BUREAU OF INVESTIGATION (FBI), MISSISSIPPI BUREAU OF INVESTIGATION (MBI), THE DEPARTMENT OF JUSTICE (DOJ) AND/OR THE OFFICE OF THE ATTORNEY GENERAL

COMES NOW Kelli Denise Goode, Plaintiff in the above-styled action, and respectfully moves this Court, prior to trial, that counsel for Defendants, and through such counsel any and all Defendants' witnesses, be instructed by an Order of this Court to refrain from making any comments or suggestions to jurors in *voire dire* examination, opening statements or closing arguments, or by interrogation of Defendants' witnesses and statements of Defendants' witnesses, or cross-examination of Plaintiff and Plaintiff's witnesses regarding evidence of any investigation of the Federal Bureau of Investigation (FBI), Mississippi Bureau of Investigation (MBI), the Department of Justice (DOJ) and/or Office of the Attorney General that was conducted in response to Plaintiff's death.

Allowing Defendants to present this evidence creates the risk of a mini-trial which has minimal probative value on the ultimate issue on this case – Defendants' violation of Troy Goode's constitutional rights and excessive force, which led to his death. Numerous unnecessary witnesses would need to summoned, including multiple agents from the above agencies, as well as prosecutors from the Office of Attorney General as to why no charges were ultimately pursued against the Southaven police officers involved in the arrest and hog tying of Troy Goode. This evidence would serve only to confuse the jury and prejudice the Plaintiff.

**ARGUMENT**

**Defendants Should not be Permitted to Introduce Evidence of Investigations of the FBI, MBI, DOJ or Office of the Attorney General that did not Lead to Any Charges Being Filed Against the Southaven Police Officers**

Rule 401 of the Federal Rules of Evidence defines relevant evidence as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402.

However, even where evidence may be relevant, it still may be excluded where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.

Upon information and belief, following Troy Goode's death, numerous agencies (including the FBI, MBI, DOJ and/or the Office of Attorney General) conducted investigations into the conduct of the Southaven police force. Ultimately, no criminal charges were brought against the officers involved in Troy's arrest and hog-tying, apparently because Troy's death occurred while he was under medical supervision. Any references to the investigations and the outcome of the

investigations threatens to create a trial within a trial concerning the findings of the specific agency and why there was no finding of criminal conduct.

This line of inquiry would involve issues such as how and why criminal charges are filed and the exercise of prosecutorial discretion by the various agencies. These inquiries address the question of whether to bring criminal charges against law enforcement officers - not the resolution of any civil liability. There is no dispute that the criminal liability of the police is judged under a very different standard from the question of whether Troy was subjected to excessive force in violation of his constitutional rights. This line of inquiry has little probative value, but has an extreme risk of prejudice to the Plaintiff. Furthermore, evidence concerning the outcome of the determination of the agency will confuse the jury and consume undue amounts of time.

Given that the outcome was that the agencies listed above opted not to pursue criminal charges against the police, it is unclear what probative value this evidence would have on the central issue at the trial of this case - whether the Southaven police force used excessive force in their interactions with Troy Goode.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order in limine prohibiting Defendants from presenting evidence regarding any investigation of the Federal Bureau of Investigation (FBI), Mississippi Bureau of Investigation (MBI), the Department of Justice (DOJ) and/or Office of the Attorney General that was conducted in response to Plaintiff's death.

Respectfully submitted, this day, the 6th day of June, 2018.

/s/ Tim Edwards
Tim Edwards, (TN BPR# 5353) *by PHV*
Kevin M. McCormack, (TN BPR# 29295) *by PHV*
Ballin, Ballin & Fishman, P.C.
200 Jefferson Ave., Suite 1250
Memphis, TN 38103
Office (901) 525-6278
Fax (901) 525-6294
tedwards@bbfpc.com
kmccormack@bbfpc.com

/s/ Hiram C. Eastland, III
Hiram C. Eastland, III (MSBN 101560)
James F. Garrett (MSBN 4759)
Eastland & Garrett, PLLC
103 North Lamar Blvd. Ste. 204
Post Office Box 3059
Oxford, MS 38655
Telephone: (662) 234-0804
Facsimile: (662) 510-0804
he3@eastlandgarrett.com
jfg@eastlandandgarrett.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I, the undersigned attorney for Plaintiff, Kelli Goode, hereby certify that a true and correct copy of the foregoing PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION IN LIMINE PRECLUDING DEFENDANTS FROM OFFERING OR INTRODUCING EVIDENCE OF ANY INVESTIGATIONS BY THE FEDERAL BUREAU OF INVESTIGATION (FBI), MISSISSIPPI BUREAU OF INVESTIGATION (MBI), THE DEPARTMENT OF JUSTICE (DOJ) AND/OR THE OFFICE OF THE ATTORNEY GENERAL has been sent via email and through the electronic case filing system to the following individual(s):

Mitchell, McNutt & Sams, P.A.
L. Bradley Dillard, Esq.
P.O. Box 7120
Tupelo, MS 38802-7120
bdillard@mitchellmcnutt.com

Mitchell, McNutt & Sams, P.A.
Berkley N. Huskison, Esq.
P.O. Box 1366
Columbus, MS 39703-1366
bhuskison@mitchellmcnutt.com; Fhankins@mitchellmcnutt.com
*Attorneys for Defendants City of Southaven,*
*Todd Baggett, Jeremy Bond, Tyler Price, Joel Rich, Jason Scallorn, Stacie J. Graham, Mike*
*Mueller, William Painter, Jr., Bruce K. Sebring, Joseph Spence and Richard A. Weatherford*

Upchurch & Upchurch, P.A.
John M. McIntosh, Esq.
David W. Upchurch, Esq.
P.O. Drawer 2529
Tupelo, MS 38803-2529
jmcintosh@upchurchpa.com
dupchurch@upchurchpa.com
*Attorneys for Defendant Baptist Memorial Hospital-Desoto, Inc.*

5

Rainey Kizer Reviere & Bell
Marty R. Phillips, Esq.
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302-1147
mphillips@raineykizer.com

Rainey Kizer Reviere & Bell
Amanda C. Waddell, Esq.
50 N. Front St., Suite 610
Memphis, TN 38103
awaddell@raineykizer.com

Gass, Weber, Mullins, LLC
James R. Gass, Esq.
241 N. Broadway, Suite 300
Milwaukee, WI 53202
gass@gwmlaw.com
*Attorneys for Defendant Lemuel Donja Oliver, M.D.*


Dated this the 6th day of June, 2018.


                                        /s/ Tim Edwards
                                        TIM EDWARDS