IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KELLI DENISE GOODE, Individually,
and also as the Personal Representative of
Troy Charlton Goode, Deceased, and as
Mother, Natural Guardian, and Next
Friend of R.G., a Minor, and also
on behalf of all similarly situated persons**                        **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO. 3:17CV60-DMB-RP**

**THE CITY OF SOUTHAVEN, et al.**                                          **DEFENDANTS**

---

**SOUTHAVEN DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT
OF RESPONSE TO PLAINTIFF'S MOTION IN LIMINE PRECLUDING
DEFENDANTS FROM OFFERING OR INTRODUCING EVIDENCE OF ANY
INVESTIGATIONS BY THE FEDERAL BUREAU OF INVESTIGATION (FBI),
MISSISSIPPI BUREAU OF INVESTIGATION (MBI), THE DEPARTMENT OF
JUSTICE (DOJ) AND/OR THE OFFICE OF THE ATTORNEY GENERAL [511]**

---

COME NOW Defendants City of Southaven, Todd Baggett, Jeremy Bond, Tyler Price, Joel Rich, Jason Scallorn, Stacie J. Graham a/k/a Witte, Mike Mueller, William Painter, Jr., Bruce K. Sebring, Joseph Spence, and Richard A. Weatherford (collectively the "Southaven Defendants"), by and through counsel, and submit this memorandum brief in support of their response to Plaintiff's Motion in Limine to preclude Defendants from offering evidence of any investigations of the Federal Bureau of Investigation (FBI), Mississippi Bureau of Investigation (MBI), the Department of Justice (DOJ) and/or the Office of the Attorney General [511], and would show as follows:

**ARGUMENT**

In Goode's Motion, she argues that "Upon information and belief, following Troy Goode's death, numerous agencies (including the FBI, MBI, DOJ and/or the Office of the Attorney General) conducted investigations into the conduct of the Southaven Police Force.

1075144

(Plaintiff's Brief in Support of Motion in Limine on Investigations at p. 2).  Goode goes on to confirm that no criminal charges were brought against officers involved in Troy Goode's arrest and restraint, apparently because Troy Goode's death occurred while he was under medical supervision.  Goode then states that testimony regarding any findings by these agencies will create "trials within a trial" and should not be allowed at trial for this reason.

Contrary to Plaintiff's proof, the only reason that the evidence of these of investigations inquiries have been a part of this litigation is because Goode's counsel asked questions of Southaven witnesses on the matter.  Particularly, the following back and forth was included in former Southaven Police Chief Tom Long's deposition:

> Q. All right.  Did you investigate the circumstances of Troy Goode's detention, restraint and death?
> A. We did, sir.
> Q. And what did you do to investigate?
> A. We looked at our policies, procedures, took statements from the officers, had detective -- our lieutenant over the detective bureau at that time.  And we discussed his findings at that point.  And also we discussed them with the district attorney's office.
>
> And the other steps I took, I talked to someone at the attorney general's office in Jackson.  I do not remember their name at this time.  And I spoke with our resident FBI office across the street in Southaven City Hall regarding the case.
> Q. Okay.  So you talked to the State Attorney General --
> A. Yes, sir.
> Q. -- in Jackson and also the local DA?
> A. Local DA, Mr. John Champion.
> Q. And somebody with the FBI?
> A. Yes, sir.  Mr. Tom Bolhke, Southaven Office of the FBI.
> Q. Tom -- what was the last name, please?
> A. Bolhke.
> Q. How do you spell that?
> A. B-O-L-H-K-E, I believe, sir.
> Q. All right.  Did you give written statements to anyone?
> A. No, sir.
> Q. Were the statements of officers given to the state attorney general, FBI or the local DA?
> A. I know they were not to the state attorney general's office.  I know they

>were not to the FBI. And I am not sure, sir, whether they were given to the district attorney's office.
>
>Q. Were there any criminal investigations undertaken as a result of the death of Troy Goode?
>
>A. We attempted to do a criminal investigation. I discussed -- that was one of the discussions with the district attorney's office. From the police perspective, we had a death involving narcotics, drugs. And so that discussion was with the district attorney, at which point he stated he did not feel we would be successful in prosecuting due to Mr. Goode's participation.
>
>Q. All right. What about the state AG? Did they make any such determination?
>
>A. No, sir. They were not interested in the case.
>
>Q. FBI?
>
>A. Not interested in the case.
>
>Q. Okay. Did you represent to the law enforcement authorities that you've referenced that Mr. Goode died of complications of LSD injustice -- ingestion?
>
>A. No, sir. At that time, we did not know -this was all within like 24 hours of the death. And we -- we were awaiting autopsy results back. So we were not sure what had happened at that point.
>
>The main issue that came up where the AG's office was concerned and where the FBI was concerned was where Mr. Goode was. And when it was related to them that the actual death had occurred at the hospital, approximately 45 minutes to an hour after, that was not a case they were interested in.
>
>Q. Did they indicate to you that they in some way viewed the responsibility for the death of Mr. Goode as being that of the hospital?
>MR. MCINTOSH: Object to form.
>
>A. No, sir.
>THE WITNESS: Oh, sorry, sir.
>MR. HUSKISON: You can answer.
>
>A. No, sir. Most of what they were interested in was had Mr. Goode been placed unattended in -- in a police vehicle or in a cell. And they said barring those two facts within the death occurring at another location and not in police custody, neither one of them viewed that there were any civil rights violations and, therefore, they would not proceed.

(Deposition of Tom Long at pages 8-11, attached as Exhibit "A" to Response). As noted in Long's deposition, the agencies referenced in Goode's Motion in Limine did not provide any investigation materials to Southaven in regard to officer conduct on the night in question. Long confirmed that during his meetings with heads of those agencies, he was told that no

1075144

3

investigation was required of outside agencies because Troy Goode's death occurred at the hospital approximately 45 minutes after Southaven police and EMTs released Troy Goode to the hospital for medical attention and care. (Long depo. at p. 11). Long stated further that, in most cases, outside agencies are interested in these types of cases when police officers place someone in Troy Goode's condition unattended in the back of a police car. (Id. at 11). As noted throughout this litigation, police officers were involved in a physical altercation with Troy Goode and were able to restrain him in less than ten minutes and, at that point, turned him over to Southaven EMTs for medical attention and treatment. Goode was transported immediately (the transport was less than 15 minutes) to Baptist-Desoto Hospital and turned over the hospital for medical care and treatment.

The fact that Goode's counsel initiated testimony about outside agency investigations establishes that counsel believed the issue was important until he learned that those agencies' did not investigate due to the facts and circumstances surrounding Goode's arrest and restraint. The fact that outside agencies did not conduct an investigation and the reasons that they did not are certainly relevant to issues relating to the reasonable efforts used by officers in this case to restrain Troy Goode and get him medical attention as soon as possible. Plaintiff's motion to exclude testimony about investigations and considerations of the case by the FBI, MBI, DOJ or the Office of the Attorney General and information related to those potential investigations should be denied.

Respectfully submitted, this the 13th day of June, 2018.

          CITY OF SOUTHAVEN, TODD BAGGETT, JEREMY BOND, TYLER PRICE, JOEL RICH, JASON SCALLORN, STACIE J. GRAHAM, MIKE MUELLER, WILLIAM PAINTER, JR., BRUCE K. SEBRING, JOSEPH SPENCE, and RICHARD A. WEATHERFORD, Defendants

          By: */s/ Berkley N. Huskison*
              BERKLEY N. HUSKISON, (#9582)
              L. BRADLEY DILLARD (#10114)

Of Counsel:

Mitchell, McNutt & Sams, P.A.
Post Office Box 1366
Columbus, Mississippi 39703-1366
(662) 328-2316 (telephone)
(662) 328-8035 (facsimile)
bhuskison@mitchellmcnutt.com (email)

Mitchell, McNutt & Sams, P.A.
Post Office Box 7120
Tupelo, Mississippi 38802-7120
(662) 842-3871 (telephone)
(662) 842-8450 (facsimile)
bdillard@mitchellmcnutt.com (email)

1075144

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 13, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system and forwarded such filing via ECF notification to the following:

Tim Edwards, Esquire
Kevin McCormack, Esquire
Ballin, Ballin & Fishman, P.C.
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103-2007
tedwards@bbfpc.com
kmccormack@bbfpc.com
*Attorneys for Plaintiffs*

Hiram C. Eastland, III, Esquire
James F. Garrett, Esquire
Eastland & Garrett, PLLC
Post Office Box 3059
Oxford, MS 38655
he3@eastlandgarrett.com
jfg@eastlandgarrett.com
*Attorneys for Plaintiffs*

John Mark McIntosh, Esquire
David W. Upchurch, Esquire
Upchurch & Upchurch, P.A.
141 South Commerce Street, Suite B
Tupelo, MS 38804
jmcintosh@upchurchpa.com
dupchurch@upchurchpa.com
*Attorneys for Defendant Baptist Memorial Hospital - Desoto*

Marty R. Phillips, Esquire
Rainey Kizer Reviere & Bell
Post Office Box 1147
Jackson, TN 38302-1147
mphillips@raineykizer.com
*Attorney for Defendant M. D. Lemuel Donja Oliver*

1075144

Amanda C. Waddell, Esquire
Rainey Kizer Reviere & Bell - Memphis
50 North Front Street, Suite 610
Memphis, TN 38103
awaddell@raineykizer.com
*Attorney for Defendant M. D. Lemuel Donja Oliver*

James R. Gass, Esquire
Gass, Weber, Mullins, LLC
309 North Water Street
Milwaukee, WI 53202
gass@gwmlaw.com
*Attorney for Defendant M. D. Lemuel Donja Oliver*

This the 13th day of June, 2018.

*/s/Berkley N. Huskison*

1075144