IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KELLI DENISE GOODE, Individually,**
**and also as the Personal Representative of**
**Troy Charlton Goode, Deceased, and as Mother,**
**Natural Guardian, and Next Friend of R.G., a**
**Minor, and also on behalf of all similarly situated persons**     **PLAINTIFFS**

**V.**     **CIVIL ACTION NO. 3:17CV60-DMB-RP**

**THE CITY OF SOUTHAVEN, et al.**     **DEFENDANTS**

### ORDER DENYING MOTION TO EXCLUDE NONDISCLOSED DOCUMENTS AND WITNESSES AND FOR APPROPRIATE SANCTIONS

Plaintiff seeks to exclude an "altered discharge record" listed by defendants on the Pretrial Order, as well as to exclude witnesses plaintiff claims were not disclosed by defendants. Docket 573. Additionally, plaintiff requests that all documents obtained from Troy Goode's laptop be produced and that attorney's fees and expenses incurred in filing the motion to exclude be awarded. *Id.*

Federal Rule of Civil Procedure 26 governs parties' obligations to disclose the documents, ESI and tangible things they may use to support their claims and defenses, as well as the parties' obligations to supplement their disclosures and responses to discovery requests. Rule 26(a)(1)(A) requires that a party must, without awaiting a discovery request, provide to the other parties:

> (i) the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment…;

1

> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support is claims or defenses, unless the use would be solely for impeachment….

Rule 26(e)(1)(A) requires the party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See also* L.U.Civ.R. 26(a)(5).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c). According to the Advisory Committee Note to Rule 37, this sanction provides "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion," by the deadline. The purpose of these disclosure requirements is to "eliminate unfair surprise to the opposing party." *Hill v. Koppers Indus.*, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009) (citing *Muldrow ex rel. Estate of Muldrow v. Re-Direct, Inc.*, 493 F.3d 160, 167 (D.C. Cir. 2007)).

During the pretrial conference on June 21, 2018, plaintiff was granted permission to file a motion to strike the altered discharge record. Plaintiff was advised that if the altered discharge record was listed on the spreadsheet identifying all the documents on the Sharefile, then the altered discharge record would not be stricken. That appears to be exactly the case. According to counsel for Dr. Oliver, an error on their end resulted in the altered discharge record not being uploaded to the Sharefile link containing the contents removed from Troy Goode's laptop computer. Docket 577, p. 4. While the altered discharge record was not included in the

Sharefile link, it was listed on the inventory list that was sent to plaintiff's counsel. Because Dr. Oliver did identify the altered discharge record on the inventory list, the disclosure requirements of Rule 26 have been complied with and the altered discharge record will not be stricken. Plaintiff's motion to strike the altered discharge record is therefore DENIED. As to plaintiff's request for the production of all documents recovered from Troy Goode's laptop, the emails filed in this matter indicate that Dr. Oliver's counsel were making arrangements to provide or make available to plaintiff's counsel all such documents. To the extent Dr. Oliver's counsel have not yet done so, they are ordered to do so promptly.

Plaintiff also moved to strike witnesses she alleges were not properly disclosed by Baptist Memorial Hospital-Desoto and Southaven defendants. Docket 574, p. 5. The subject witnesses were all listed in the proposed Pretrial Order that was approved and signed by counsel and submitted to the undersigned in advance of the Pretrial Conference, yet no such objection to these witnesses was noted in the proposed order, nor did plaintiff otherwise raise this issue with the court before or during the Pretrial Conference. At the Pretrial Conference, the court authorized a motion to strike the altered discharge record only (an issue that was noted in the proposed Pretrial Order), but the court did not authorize any other motions, least of all any motions raising discovery issues for the first time after the Pretrial Conference. The court finds that plaintiff's discovery-based objection to the subject defense witnesses has been waived.

The waiver of this objection notwithstanding, the court notes that each witness plaintiff asserts was not timely disclosed was in fact identified in some fashion during discovery. The witnesses plaintiff alleges were not timely disclosed by BMH-D were in fact disclosed in response to the first interrogatory propounded to BMH-D and answered on August 17, 2016 and were not a surprise to plaintiff. Docket 581, p. 2.

3

Additionally, witnesses Alan Wilson, Amanda Anderson, Lisa Smith and Vanessa Johnson were identified in Dr. Oliver's Supplemental Initial Disclosures on January 2, 2018. Alan Wilson was listed in plaintiff's initial disclosures and supplemental disclosures (Docket 578, Exhibit 2) and plaintiff's police tactic expert Darrell Coslin specifically referenced statements of Wilson, Anderson, Smith and Johnson as documents he reviewed in preparation of his expert report. Docket 578, Exhibit 3. Witnesses Chris Shelton, Charles Andrews, Sgt. Bryan Rosenberg and Lt. Mark Little, also witnesses plaintiff asserts were not timely disclosed, were identified in Southaven's responses to plaintiff's discovery on August 24, 2016. Docket 578, Exhibit 4. Last, Tom Bolhke, Southaven's area office FBI representative, while not included in Southaven's prediscovery disclosures or responses to written discovery, was identified during the deposition of former Police Chief Tom Long. There is no basis to argue that plaintiff was not notified of these witnesses before the discovery deadline, and plaintiff has not suffered any unfair surprise. Plaintiff's request to strike undisclosed witnesses, having previously been waived and also being without merit, is therefore DENIED.

Because plaintiff's motion to strike the altered discharge record and witnesses from the Pretrial Order is denied, there is no basis upon which to award attorneys fees and expenses. The request for attorneys fees and expenses is DENIED. Plaintiff's discovery-based objection to the admissibility of the altered discharge record will be stricken from the Pretrial Order. Plaintiff's evidentiary-based objections will remain.

SO ORDERED, this, the 5th day of July, 2018.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE