# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**KELLI DENISE GOODE, Individually, and also as the Personal Representative of Troy Charlton Goode, Deceased, and as Mother, Natural Guardian, and Next Friend of R.G., a Minor, and also on behalf of all similarly situated persons**  **PLAINTIFF**

**V.**  **NO. 3:17-CV-60-DMB-RP**

**THE CITY OF SOUTHAVEN, et al.**  **DEFENDANTS**

## ORDER

Before the Court in this civil rights and medical malpractice action are numerous dispositive and related motions filed by the parties.

## I
## Relevant Procedural History

On January 13, 2016, Kelli Denise Goode—individually, and in her capacity as the personal representative of her deceased husband, as next friend of her minor son, and on behalf of "all similarly situated persons"—filed a complaint in the United States District Court for the Western District of Tennessee "seek[ing] damages and injunctive relief based upon the untimely death of [her husband] Troy Charlton Goode …." Doc. #1 at 1–2. On August 15, 2016, Kelli,[1] in the same capacities as that in her original complaint, filed an amended complaint, naming as defendants the City of Southaven, Todd Baggett, Jeremy Bond, Tyler Price, Joel Rich, Jason Scallorn, Stacie J. Graham, Mike Mueller, William Painter, Jr., Bruce K. Sebring, Joseph Spence, Richard A. Weatherford (collectively, "Southaven Defendants"); John Does 1-10; Baptist

---

[1] To avoid confusion, the Goodes' first names are used.

Memorial Hospital-Desoto ("BMH-D"); Southeastern Emergency Physicians, Inc.;[2] and Lemuel D. Oliver, M.D. Doc. #107. In her amended complaint, Kelli asserts numerous state and federal claims against the defendants regarding Troy's death.

On March 31, 2017, this action was transferred from the Western District of Tennessee to this Court. Doc. #246. After an extensive period of discovery, the following dispositive motions were filed: (1) Oliver's motion for summary judgment and for judgment on the pleadings, Doc. #397; (2) Kelli's motion for partial summary judgment, Doc. #410; (3) the Southaven Defendants' motion for summary judgment, Doc. #422; and (4) BMH-D's motion for summary judgment, Doc. #424. In addition to the summary judgment motions, BMH-D filed a joint motion on behalf of all defendants to dismiss or, in the alternative, for other sanctions, based on Kelli's shifting, inconsistent, and contradicting accounts of relevant facts during discovery. Doc. #417.

In support of her various summary judgment briefs, Kelli filed as exhibits separate statements of facts. *See* Docs. #410-1, #437-1, #439-1. BMH-D moved to strike, and Oliver moved for leave to file a motion to strike, Kelli's statements of facts. Doc. #471; Doc. #484. BMH-D has since filed a notice withdrawing its motion to strike. Doc. #482.

On September 11, 2018, the Court denied the joint motion to dismiss or, in the alternative, for sanctions without prejudice and ordered the parties to file a renewed motion addressing whether the Court's inherent authority and/or the authority of Rule 37 should be applied to the issues raised, and then analyzing such issues accordingly. Doc. #586 at 7. A week later, the defendants filed a renewed motion which complied with the Court's September 11, 2018, order. Doc. #587. A week after that, Kelli responded in opposition. Doc. #589.

---

[2] Southeastern Emergency Physicians, LLC (previously identified as Southeastern Emergency Physicians, Inc.) was dismissed with prejudice by stipulation on May 9, 2018. *See* Doc. #496.

2

# II
# Analysis

For reasons to be specified in a separate memorandum opinion, the Court finds that Kelli has engaged in bad faith conduct during this litigation, as described in the defendants' joint motion, which warrants sanctions under this Court's inherent authority. *See In re* Moore, 739 F.3d 724, 729 (5th Cir. 2014) ("A decision to invoke the inherent power to sanction requires a finding of bad faith or willful abuse of the judicial process ….") (quotation marks omitted).

However, the Court also concludes that Kelli's conduct does not rise to the level warranting the sanction of dismissal of her claims or the imposition of any of the specific alternative sanctions requested by the defendants in their renewed motion for sanctions.[3] *See Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (in exercising inherent power to sanction "the district court is bound to impose the least severe sanction available"). Rather, the Court has determined that an appropriate sanction to impose, in response to the defendants' request for "any further sanctions deemed warranted by this Court," Doc. #587 at 3, is to deem certain facts admitted against Kelli, with such facts to be specifically determined following specific briefing on the issue, which briefing may include any additional alternative sanction not yet rejected by the Court. Because the facts to be admitted—along with the rulings to be issued on the pending evidentiary motions—will necessarily affect the pending motions for summary judgment, the pending summary judgment motions must be denied without prejudice. Because the pending summary

---

[3] The defendants seek as alternative sanctions:

> (1) a jury instruction informing the jury of Mrs. Goode's dishonesty and charging the jury that false testimony under oath should be seriously considered in evaluating her credibility; (2) a jury instruction informing the jury of Mrs. Goode's failure to identify and produce relevant evidence and instructing the jury that it may make a negative inference based upon that failure; (3) a finding of fraud entered into evidence at the trial of this matter; and (4) any further sanctions deemed warranted by this Court.

Doc. #587 at 3.

judgment motions will be denied without prejudice, Oliver's motion for leave to file a motion to strike Kelli's separate statements of fact will be denied as moot.[4]

## III
## Conclusion

For the reasons above:

1. The defendants' renewed motion for sanctions [587] is **DENIED in Part and DEFERRED in Part**. The motion is DENIED to the extent it seeks dispositive sanctions and the specific alternative sanctions requested by the defendants. The motion is DEFERRED to the extent the Court finds the admission of certain facts against Kelli warranted. The defendants have seven (7) days from the entry of this order to file a supplement to their renewed motion for sanctions addressing which facts they urge should be deemed admitted, along with any additional alternative sanction not yet rejected by the Court. Any response to the defendants' supplement must be filed within seven (7) days of the supplement's filing.

2. The parties' pending motions for summary judgment [397][410][422][424] are **DENIED without prejudice**. The parties will be permitted to renew their motions for summary judgment[5] after the Court's issuance of its forthcoming memorandum opinion.

3. Oliver's motion for leave [484] is **DENIED as moot**.

---

[4] The Court's Local Uniform Civil Rules do not authorize the filing of a separate statement of undisputed facts in support of a summary judgment motion. *See* L.U. Civ. R. 7(b).

[5] Any resubmitted motion for summary judgment must comply with the Court's Local Civil Rules in all respects, including but not limited to, fact sections which cite to the record and are not filed separately as exhibits. Exhibits also should not be attached to a memorandum brief (or any submission which is in form or substance a memorandum brief). Many of the parties' submissions in this case have failed to comply with the Local Rules. Filings that fail to comply with the Court's procedural rules generally are stricken and/or not considered by the Court. The Court reminds the parties that "[a]ttorneys practicing before the district courts of Mississippi are charged with the responsibility of knowing the LOCAL RULES … and may be sanctioned for failing to comply with them." L.U. Civ. R., Preamble.

4. The Clerk of the Court is **DIRECTED** to terminate BMH-D's withdrawn motion to strike [471].

**SO ORDERED**, this 27th day of September, 2018.

                                                  **/s/Debra M. Brown**
                                                  **UNITED STATES DISTRICT JUDGE**