**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**KELLI DENISE GOODE, Individually,
and also as the Personal Representative of
Troy Charlton Goode, Deceased, and as
Mother, Natural Guardian, and Next
Friend of R.G., a Minor, and also
on behalf of all similarly situated persons       PLAINTIFFS**

**VS.                    CIVIL ACTION NO. 3:17CV60-DMB-RP**

**THE CITY OF SOUTHAVEN,
TODD BAGGETT, Individually,
JEREMY BOND, Individually, TYLER PRICE,
Individually, JOEL RICH, Individually,
JASON SCALLORN, Individually,
STACIE J. GRAHAM a/k/a WITTE Individually,
MIKE MUELLER Individually, WILLIAM
PAINTER, JR., Individually, BRUCE K.
SEBRING Individually, JOSEPH SPENCE,
Individually, RICHARD A. WEATHERFORD Individually,
JOHN DOES 1-10, BAPTIST MEMORIAL
HOSPITAL-DESOTO, a Mississippi
Corporation, and LEMUEL DONJA OLIVER, M.D.        DEFENDANTS**

**MEMORANDUM BRIEF IN SUPPORT OF
RENEWED JOINT MOTION FOR TRANSFER OF TRIAL**

COME NOW Defendants City of Southaven and the individual Southaven Defendants[1] (collectively the "Southaven Defendants"), Baptist Memorial Hospital-Desoto, Inc., and Lemuel Donja Oliver, M.D. (collectively "Defendants"), by and through their respective counsel, and submit the instant Memorandum Brief in support of said Defendants' Renewed Joint Motion for Transfer of Trial, showing as follows:

**I. FACTS**

On or about January 13, 2016, Plaintiff Kelli Denise Goode ("Plaintiff"), by and through counsel, filed her Complaint in the United States District Court for the Western

---

[1] Todd Baggett, Jeremy Bond, Tyler Price, Joel Rich, Jason Scallorn, Stacie J. Graham, Mike Mueller, William Painter, Jr., Bruce K. Sebring, Joseph Spence, and Richard A. Weatherford.

1097126

District of Tennessee; Defendants Baptist Memorial Hospital-Desoto, Inc. and the Southaven defendants moved to dismiss said Complaint on the basis that the federal court in Tennessee lacked jurisdiction over the parties. By Order dated March 30, 2017 Defendants' motions to dismiss were granted, and the entire case was transferred to the United States District Court for the Northern District of Mississippi, Oxford Division, being the proper venue for said action. [Docket No. 245]. On May 17, 2017 the parties held a Case Management Conference at which time the trial of this case was initially set before the Honorable Debra M. Brown to be conducted on July 23, 2018 in Greenville, Mississippi. [Docket No. 286]. On June 26, 2018, the Court continued the trial setting to January 7, 2019. [Docket No. 575].

By Order dated March 16, 2018, this Honorable Court denied Defendants' prior Joint Motion for Transfer of Trial [Docket No. 297][2] without prejudice, instructing the Defendants that "[s]hould the case proceed beyond the dispositive motions stage, the Movants may renew their motion to transfer trial". [Docket No. 486].

Subsequently, by Order dated September 27, 2018 [Docket No. 591], the Court denied all of the parties' previously filed Motions for Summary Judgment without prejudice, pending a ruling by the Court on the issue of appropriate sanctions to impose on Plaintiff. As a result of this Order, no summary judgment motions are presently pending; further as noted supra this matter is set for trial on January 7, 2019 [Docket No. 575]. Given the combination of the Court's September 27, 2018 Order and the impending trial date which is less than three (3) months away, out of an abundance of

---

[2] Under the Case Management Order established in this cause, and the Uniform Local Rules of this court, the original Motion was timely filed as it is served well prior to the expiration of the applicable motion deadline. Defendants' Renewed Motion is also timely filed pursuant to the Court's September 27, 2018 Order [Docket No. 591].

1097126

caution Defendants now renew their previous motion that the trial of this matter be transferred from Greenville, Mississippi to Oxford, Mississippi.

## II. ARGUMENT AND AUTHORITIES

### A. Defendants have a statutory right to have the trial conducted in Oxford, Mississippi.

"Court for the Oxford division shall be held in Oxford." 28 U.S.C. § 104. The Fifth Circuit, interpreting this provision, has noted this statutory language gives a party litigant in a case filed in the Oxford Division "a statutory right to have the case tried in Oxford." In re Gibson, 423 Fed. Appx. 385, 390 (5th Cir. Miss. 2011).

In reviewing decisions that have examined inter-divisional transfer of cases and trials, one important consideration has been that this Court previously had four divisions, including the "Delta" Division, with a federal courthouse located in Clarksdale, Mississippi. That courthouse has been closed, but the divisional statute was not immediately amended.

> While the Northern District is technically split into four divisions, the notion that there is actually four separate divisions in this District is illusory. As noted above, the Delta courthouse was closed; yet, Mississippi's divisional statute was not amended, see 28 U.S.C. § 104, thereby leaving the Northern District with a division without a courthouse.

Williams v. City of Cleveland, 848 F.Supp.2d 646, 652 (N.D. Miss. 2012). The "illusory" Delta Division affected decisions regarding the intra-district setting of trials - including the Gibson decision where the Fifth Circuit acknowledged the statutory right of parties to have trials conducted in the division where the case is pending.

The Fifth Circuit, in noting that Judge Pepper had not abused his discretion in setting a Delta Division case for trial in Greenville, held:

3

1097126

> Although the trial setting in Greenville *violates the statutory directive that court for Delta Division cases is to be held at Clarksdale or Cleveland,* there is no operational federal courthouse at either of those locations.
>
> The Petitions' reliance on this court's grant of mandamus in In re: Koppers Inc., No. 09-60127, 2009 U.S. App. LEXIS 26152 (5th Cir. April 3, 2009), is misplaced. The order granting mandamus in Koppers statutes only that "It is ordered that the petition for writ of mandamus is granted." It is difficult to see how that order creates any binding precedent that must be followed under the facts of this case. Moreover, Koppers is distinguishable; *the plaintiffs in that case filed suit in the Western Division (Oxford), and thus had a statutory right to have the case tried in Oxford rather than Greenville.* See 28 U.S.C. § 104(a)(2) (stating that "[c]ourt for the western division shall be held at Oxford"). Here, the plaintiffs filed suit in the Delta Division, and they have no statutory right to have this case tried in Oxford.

In re Gibson, 423 Fed. Appx. 385, 390 (5th Cir. Miss. 2011) (emphasis added). This same logic has been utilized by Judge Aycock. See Williams v. City of Cleveland, 848 F.Supp.2d 646, 658 n. 10 (N.D. Miss. 2012).[3]

Congress corrected the illusion of the Delta Division on or about October 4, 2012 by amendments to §104, wherein the Northern District of Mississippi was formally divided into three divisions. 28 U.S.C. § 104. As part of the new divisional breakdown, Desoto County was included within the Oxford Division. Id.

This case is pending in the Oxford Division of this Court. By statute, "Court for the Oxford Division shall be held in Oxford." 28 U.S.C. §104(a). A party litigant in a case filed in the Oxford Division has "a statutory right to have the case tried in Oxford." In re Gibson, 423 Fed. Appx. 385, 390 (5th Cir. Miss. 2011). This case was transferred to, should have properly been filed in, and is finally pending in a division where, by

---

[3] The language of 28 U.S.C. §104 and In re: Gibson clearly conflict with authorities discussing the "routine practice of the judges in this district to try cases at their duty stations". Williams, 848 F.Supp.2d at 651. This conflict is acknowledged by Judge Sharion Aycock in the Williams case, wherein Judge Aycock noted that litigation over trial settings in the Northern District would likely continue "until fully resolved, either through case law or congressional action...". Williams, 848 F.Supp.2d 648.

4

1097126

statute, the parties have been afforded a right to have trial conducted in Oxford.

As such, Defendants request that this Court transfer the trial of this matter to Oxford, Mississippi consistent with 28 U.S.C. §104(a) and the Gibson decision.

**B.  The In re: Volkswagen Factors Favor Transfer Of The Trial To Oxford, Mississippi.**

In the case of In re: Volkswagen, 371 F.3d 201, 203 (5th Cir. 2004), the Fifth Circuit set forth a number of private interest factors and public interest factors courts should consider in addressing a request for an inter-divisional transfer of a trial.[4]

Private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive". In re: Volkswagen, 371 F.3d at 203. Further, the public interest factors discussed by the In re: Volkswagen court are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that would govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law". In re: Volkswagen, 371 F.3d at 203.

In Johnson v. Lewis, this Court noted that the standard to be applied in examining intra-district transfers was a "strong showing of prejudice" but with the caveat that such a showing is not "the only instance in which a court may decide transfer to another division is appropriate" but rather, "[o]n a case-by-case basis each court

---

[4] In Coleman v. Swift Transp. Co. of Ariz., LLC, 2014 U.S. Dist. LEXIS 190116 (N.D. Miss. 2014), this honorable court considered a motion to transfer the trial of that case where venue was in the Oxford Division, however the trial location was set at the courthouse in Greenville. In that case, this honorable court merely denied the motion to transfer the trial without prejudice, but allowed defendants to refile their motion with additional briefing based on the factors set forth in In re: Volkswagen.

5

should determine if facts specific to a particular matter counsel for a transfer [and] in so deciding the judges in the district would likely consider the factors specified in In re Volkswagen as well as other factors such as the timeliness of the request for relief." Johnson v. Lewis, 645 F. Supp. 2d 578, 585 (N.D. Miss. 2009).

In 2013, the Fifth Circuit handed down its opinion in In re Radmax which applied the In re Volkswagen factors to an intra-district transfer. In re Radmax, Ltd., 720 F.3d 285 (5th Cir. 2013). Following that decision, this Court has been presented with motions seeking an intra-district transfer of trial and, in weighing those motions, has cited to the In re Volkswagen factors. This Court granted a motion to transfer trial location which sought a transfer from the Aberdeen Division to the Greenville Division in Walker v. Corr. Corp. of Am., 2015 U.S. Dist. LEXIS 108115 (N.D. Miss. Aug. 17, 2015). Therein, the Court stated:

> Venue may be transferred "for the convenience of parties and witnesses, in the interest of justice … to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). In light of the considerations expressed in Williams, 848 F.Supp.2d at 651, the Northern District of Mississippi's divisional venue policy, as well as the Fifth Circuit's pronouncement in In re Radmax, Ltd., 720 F.3d 285 (5th Cir. 2013), the Court finds that Plaintiffs have satisfied the burden of showing that transferring the trial to the Greenville courthouse will be "clearly more convenient." In re Radmax, 720 F.3d at 288.

Id. at *3 (Emphasis added). In Walker, this Court transferred the trial location based upon both Williams and In re Radmax - finding that transfer was warranted as trial in the Greenville Division was clearly more convenient. Id. See also EEOC v. Faurecia Auto. Seating, LLC, 2017 U.S. Dist. LEXIS 151913 (N.D. Miss. 2017) (where this Court transferred a case to the Southern District of Mississippi based on the In Re Volkswagon

6

1097126

and In Re Radmax, Ltd. factors).

In Holloway v. Trident Ins. Servs., LLC, 2013 U.S. Dist. LEXIS 106536 (N.D. Miss. 2013), Judge Aycock transferred trial venue of that case from Greenville to Aberdeen after analyzing the In re: Volkswagen factors, primarily based on concerns over the ability of the parties to subpoena out of state witnesses, the convenience to willing witnesses, the ease of access to sources of proof, and the local interest in having matters determined in the division where the matter arises.  See Black v. USAA Fin. Advisors, Inc., 2018 U.S. Dist. LEXIS 30058 *6 (S.D. Miss. 2018) (applying In Re Radmax, Ltd. factors and granting motion to transfer to Eastern District of Louisiana, based primarily on convenience of parties and witnesses and the available subpoena power of that court); Partin v. Paul, 2016 U.S. Dist. LEXIS 176568 *9-13 (S.D. Miss. 2016) (citing In Re Radmax, Ltd. and granting motion to transfer to Northern District of Texas due in part to "the convenience of parties and witnesses").

 In the instant case, the In re: Volkswagen factors which this honorable court in the Coleman case and Judge Aycock in the Holloway case considered important favor transfer of the trial to Oxford.

(1)     The relative ease of access to sources of proof.

All Defendants will be prejudiced should the trial remain in Greenville. As set forth in the Case Management Order, the parties then estimated that approximately 35 fact witnesses will be called at trial, and 20 expert witnesses. (Docket No. 283).[5]  It is undisputed that all fact witnesses (both for Plaintiff and Defendants) are significantly closer to Oxford than to Greenville.  All emergency medical technicians and police

---

[5] The Pre-Trial Order which details the identities of trial witnesses has not yet been entered.

7

1097126

officers currently affiliated with the City of Southaven live and/or work in or around the Desoto County/Memphis, Tennessee area. All medical care provided to Troy Goode by Defendant Baptist Hospital occurred at Baptist Memorial Hospital-Desoto, Inc., located in Southaven, Mississippi. Dr. Oliver resides in Saltillo, Lee County, Mississippi and works in Southaven, Mississippi. All records pertaining to Troy Goode's arrest, transport and medical records concerning treatment are maintained in the Southaven, Mississippi area. The vast majority if not all witnesses who observed Troy Goode acting irrationally while high on LSD, such as patrons at the Southaven Waffle House and/or other locations located adjacent to Goodman Road, are believed to be located in or around the Southaven, Mississippi/Memphis, Tennessee area. Numerous out of state expert witnesses will presumably fly into Memphis International Airport, which is certainly much closer to Oxford than Greenville. In short, virtually all parties, witnesses and potential exhibits concerning Troy Goode's actions leading up to his arrest, as well as the facts surrounding his actual arrest and medical treatment provided, are present in the Southaven, Desoto County area which is significantly closer to Oxford, Mississippi than Greenville, Mississippi. Indeed, the fact that the location of the vast majority of the proof is located in or in close proximity to the Oxford Division was confirmed by the Western District of Tennessee in its order transferring this matter. [Doc#245-1] (finding that the Oxford Division was the "location of sources of relevant proof.")

When applying this factor the determination to be made is the relative ease of access to sources of proof, and the focus is on the location of the sources of proof. In re Radmax, 720 F.3d at 288; Holloway, 2013 U.S. Dist. LEXIS 106536 at *3. Pursuant to Google Maps, the shortest distance between Memphis, Tennessee and Oxford,

8

1097126

Mississippi is **78.2 miles**, while the shortest travel time is **1 hour and 23 minutes**. From Southaven, Mississippi to Oxford, Mississippi, the shortest mileage route is **67.5 miles** with the shortest travel time being **1 hour and 10 minutes**. From Tupelo, Mississippi the shortest mileage route to Oxford, Mississippi is **52.4 miles**, and the shortest travel time is **57 minutes**.

Conversely, the shortest mileage route between Memphis, Tennessee and Greenville, Mississippi is **153 miles**, with the shortest travel time being **2 hours and 40 minutes**. The shortest mileage route between Southaven, Mississippi and Greenville, Mississippi is **149 miles**, with the shortest travel time being **2 hours and 28 minutes**. The shortest mileage route between Tupelo, Mississippi and Greenville, Mississippi is **172 miles**, with the shortest travel time being **3 hours and 10 minutes**. (See Exhibit "A" attached to Renewed Motion). Accordingly, the travel time and distance traveled (and resulting burden) is significantly greater for virtually every party, attorney of record or witness should the case be tried in Greenville rather than Oxford.[6] Defendants have attached affidavits from the Southaven Defendants, employees of Baptist Memorial Hospital-Desoto and Defendant Lemuel D. Oliver, M.D. supporting the Renewed Motion and confirming these significant points. (See cumulative Exhibit "B" attached to Renewed Motion).

Due to the large number of parties involved in this case, as well as over

---

[6] As the vast majority of sources of proof are located in or in closer proximity to the Oxford Division, this factor is in favor of transfer. See e.g., In re Radmax, Ltd., 720 F. 3d at 288 ("because all of the documents and physical evidence are located in the Tyler Division, this factor weighs in favor of transfer.")(internal quotations omitted); In re Volkswagen, 545 F.3d at 316 ("a]ll of the documents and physical evidence relating to the accident are located in the Dallas Division, as is the collision site. Thus, the district court erred in applying this factor because it does weigh in favor of transfer"); Holloway, 2013 U.S. Dist. LEXIS 106536 at *3 ("This factor leans in favor of transferring either to Aberdeen or Oxford because they are both over one hundred miles closer than Greenville to most of the proof…")

9

1097126

approximately 50 anticipated fact witnesses and expert witnesses, the majority of whom will be traveling from Memphis, Tennessee, Southaven, Mississippi and/or northeast Mississippi, transfer of this trial to the federal courthouse in Oxford, Mississippi is substantially more convenient than a trial in Greenville, Mississippi. The decrease in travel time alone will save the parties significant litigation costs, whereas the greater number of hotels, restaurants and other accommodations and conveniences located in Oxford, Mississippi would be beneficial given the large number of attorneys, parties, fact and expert witnesses involved in this case. This factor weighs heavily in favor of transfer.

  (2) <u>The availability of compulsory process to secure the attendance of witnesses</u>.

A number of witnesses (primarily family members and friends of the Plaintiff) reside in the State of Tennessee. Such persons will be hostile witnesses to the Defendants, and are outside of the subpoena power of this court should trial be conducted in Greenville. (<u>See</u> F.R.C.P. 45(c)(1)(A) which limits subpoena power to 100 miles from where the individual resides, is employed or regularly transacts business in person). Further, witnesses to Troy Goode's erratic behavior on Goodman Road, and his interactions with the Southaven Defendants, and who reside in Southaven are not amendable to a subpoena for trial, as they live outside of the 100 mile area set forth in F.R.C.P. 45(c)(1)(A). All told, some twenty three potential fact witnesses are believed to reside in and around the Southaven, Mississippi or Memphis, Tennessee area. (<u>See</u> Baptist Memorial Hospital-Desoto's Joinder in the original Motion to Transfer [Docket No. 316]). Such individuals, however, would be subject to a trial subpoena if trial is

10

conducted in Oxford, Mississippi. The Defendants will be severely prejudiced should they be unable to subpoena witnesses to trial in Greenville, when such witnesses would be amenable to a subpoena for a trial in Oxford. This factor weighs in favor of the Defendants. See JTH Tax, Inc. v. Mahmood, 2010 U.S. Dist. LEXIS 38515 *6 (N.D. Miss. 2010) (factor weighed in favor of transfer where "majority of potential witnesses" resided within the subpoena power of a different district); Holloway, 2013 U.S. Dist. LEXIS 106536 at *5 (finding transfer proper since "because the distance is greater than 100 miles, Defendant would be unable to even subpoena any witnesses from Alabama if the trial was held in Greenville or in Oxford").

(3) The cost of attendance for willing witnesses.

Willing witnesses who may attend trial and who would be traveling from the Desoto County, Mississippi area, such as witnesses to Troy Goode's out of control actions on Goodman Road and at Baptist Memorial Hospital-Desoto, would have significantly farther to travel if trial is conducted in Greenville, as opposed to Oxford. The disparity in distances would require overnight lodging, meals and additional mileage, all of which amount to additional costs which are not present if trial is conducted in Oxford, Mississippi, thus lessening the burden on willing witnesses. The Defendants will all be prejudiced by being compelled to incur significant additional expense due to a trial conducted in Greenville rather than in Oxford.

(4) All other practical problems that make trial of a case easy, expeditious and inexpensive.

A trial of this matter in Oxford would be easier, more expeditious and inexpensive. It is a more convenient venue for the vast majority of parties and willing

11

1097126

and adverse witnesses which presently include twelve (12) individual defendants, two (2) entity defendants, and numerous fact and expert witnesses. This includes the inconvenience discussed above, and as is shown in the affidavits submitted in support of Defendants' Renewed Motion.

In regard to the In re: Volkswagen public interests factors, the only applicable factor would be "the local interest in having localized interests decided at home". Here, although the case should have originally been filed in the Oxford Division by Plaintiff, Plaintiff improperly filed suit in federal court in Tennessee. Desoto County lies within the Oxford Division and citizens of that division have a "local interest" in determining whether, for example, the Southaven Police Department acted appropriately in arresting Troy Goode based upon his actions, in restraining him, and ultimately having him transported via ambulance to Baptist Hospital. Similarly, the residents of the Oxford Division have a "local interest" in determining whether or not medical care provided at Baptist Hospital-Desoto was appropriate and in compliance with the standard of care. These are local interests which the citizens of the Greenville Division do not have. The remaining two factors under the public interest factors are inapplicable.

Application of the In re: Volkswagen factors (which this honorable court found to be significant in the Coleman case, and which Judge Aycock discussed in the Holloway case) weighs in favor of transferring the trial of this cause from Greenville, Mississippi to Oxford, Mississippi.

### III. CONCLUSION

Defendants' Renewed Motion is not made for the purposes of delay or harassment, but is simply necessary due to the extraordinarily large number of

attorneys, parties, fact witnesses and expert witnesses who will participate in the trial of this cause. For all of these reasons Defendants submit that transfer of the trial from Greenville to Oxford is necessary and appropriate, and respectfully move the Court to enter an Order granting said Renewed Motion.

Respectfully submitted, this the 23rd day of October, 2018.

> CITY OF SOUTHAVEN, TODD BAGGETT,
> JEREMY BOND, TYLER PRICE, JOEL RICH,
> JASON SCALLORN, STACIE J. GRAHAM,
> MIKE MUELLER, WILLIAM PAINTER, JR.,
> BRUCE K. SEBRING, JOSEPH SPENCE, and
> RICHARD A. WEATHERFORD, Defendants
>
> By: **/s/ L. Bradley Dillard**
> Berkley N. Huskison, MSB#9582
> Brad Dillard, MSB#10114

MITCHELL, MCNUTT & SAMS, P.A.
POST OFFICE BOX 1366
COLUMBUS, MISSISSIPPI 39703-1366
(662) 328-2316 (telephone)
(662) 328-8035 (facsimile)
bhuskison@mitchellmcnutt.com

MITCHELL, MCNUTT & SAMS, P.A.
P.O. BOX 7120
TUPELO, MS 38802-7120
(662) 842-3871 (telephone)
(662) 842-8450 (facsimile)
bdillard@mitchellmcnutt.com

13

1097126

                                        BAPTIST MEMORIAL HOSPITAL-DESOTO, INC., Defendant

                                        By: ***/s/ David W. Upchurch***
David W. Upchurch, MSB#10558
John M. McIntosh, MSB#103933

UPCHURCH & UPCHURCH, P.A.
P.O. DRAWER 2529
TUPELO, MISSISSIPPI 38803-2529
TEL: 662-260.6950
FAX: 662-269.3713
jmcintosh@upchurchpa.com
dupchurch@upchurchpa.com

                                        LEMUEL DONJA OLIVER, M.D., Defendant

                                        By: ***/s/Amanda Waddell***
Amanda Clearman Waddell, MSB#99544
Marty R. Phillips (PHV)
James Ric Gass (PHV)

RAINEY, KIZER, REVIERE & BELL, PLC
50 FRONT STREET, STE. 610
MEMPHIS, TENNESSEE 3810
TEL: 901-333-8101
FAX: 901-577-1416
awaddell@raineykizer.com
mphillips@raineykizer.com

GASS WEBER, MULLINS, LLC
241 N. Broadway, Ste. 300
Milwaukee, WISCONSIN 53202
gass@gwmlaw.com

14

1097126

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system and forwarded such filing via ECF notification to all counsel of record.

This the 23rd day of October, 2018.

                                               ***/s/L. Bradley Dillard***
                                               L. BRADLEY DILLARD

1097126