IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KELLI DENISE GOODE, Individually,
and also as the Personal Representative of
Troy Charlton Goode, Deceased, and as
Mother, Natural Guardian, and Next
Friend of R.G., a Minor, and also
on behalf of all similarly situated persons.

        Plaintiff,

v.                                            Civil Action No. 3:17-cv-060-DMB-RP

THE CITY OF SOUTHAVEN, et al

        Defendants.

## DECLARATION OF DAVID A. McLAUGHLIN

1. My name is David A. McLaughlin. I am an attorney licensed to practice in the states of Arkansas and Tennessee.

2. On July 18, 2015, I witnessed a portion of the efforts of the Southaven Police and Fire/EMS personnel to detain and restrain Mr. Troy Goode.

3. I witnessed Troy when he was on an EMS stretcher. He was hogtied in the prone position. Troy repeatedly arched his back, raising his chest up off the stretcher, and appeared to be convulsing and struggling. He appeared to be in distress and trying to relieve pressure on his chest. Given my experience with positional asphyxiation cases, I believed Troy was struggling to breathe.

4. My son videotaped part of the events that I witnessed.

5. A Southaven Fire/EMS official in a white short-sleeved shirt with an insignia saw

my son videotaping. The official yelled to me and my son to come over, at which point my son stopped videotaping. Other than my son, who was videotaping, I saw no other bystanders who were yelled at or given instructions by any Southaven official.

6. When I spoke with the official in the white shirt, I believe he identified himself at Lt. Mike Mueller. I informed him that I am an attorney who has handled cases resulting in death due to positional asphyxiation. I told the official that, given my background, it was obvious their efforts to restrain Troy were dangerous and could result in Troy's death. I believe part of my exact words to him were "ya'll are going to kill him!"

7. The Southaven official acknowledged what I said, but said that the situation was not dangerous because Troy was with a paramedic. I believe the official told me he was aware that Troy was on LSD.

8. As I left the parking lot where I witnessed these events, my car was directly behind the ambulance was transporting Troy. The ambulance did not turn on lights or sirens. A police car pulled onto Goodman Road from the parking lot with its emergency lights activated in order to stop traffic. The police car turned its lights off after exiting the parking lot and did not provide traffic stoppage so the ambulance could leave. The ambulance sat in the parking lot for a period of time after the police car left, waiting for traffic to clear enough to exit.

I, David A. McLaughlin, declare under penalty of perjury that the foregoing is true and correct.

_____
DAVID A. MCLAUGHLIN

Executed on: February 9, 2018