UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KELLI DENISE GOODE, Individually,
and also as the Personal Representative
of Troy Charlton Goode, Deceased, and
as Mother, Natural Guardian, and Next
Friend of R.G., a Minor, and also on
behalf of all similarly situated persons**                                                **PLAINTIFF**

V.                                                                                        NO. 3:17-CV-60-MPM-RP

**THE CITY OF SOUTHAVEN, et al.**                                                          **DEFENDANTS**


## ORDER

There are presently three pending motions in this case which, based on their filing date, will soon find themselves on this court's list of delinquent motions under the Civil Justice Reform Act. However, given that jurisdiction of this case presently lies with the Fifth Circuit, this court lacks the authority to take any substantive action with regard to these motions. Under similar circumstances, the Fifth Circuit has endorsed a procedure whereby cases are closed for administrative purposes, and this court can discern no reason why the same procedure could not be applied to the administrative dismissal of mere motions. In *Mire v. Full Spectrum Lending Inc.*, the Fifth Circuit noted that:

> [H]ere this court is presented with an administrative closure by the court below. District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active.

*Mire,* 389 F.3d 163, 167 (5th Cir. 2004).

This court will therefore administratively dismiss the pending motions in this case, but it emphasizes that these are not true dismissals and have no effect other than upon this court's

1

internal administrative reporting system. This court will continue to regard the motions as pending motions entitled to priority ruling after the issuance of the Fifth Circuit's mandate on appeal. If it should develop, however, that the Fifth Circuit's ruling renders any or all of the motions incomplete or superseded by events, then it may request supplemental briefing prior to ruling upon them.

It is therefore ordered that the pending motions in this case [675-1, 679-1, 687-1] are administratively dismissed.

This, the 6th day of January, 2020.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**