IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KELLI DENISE GOODE, Individually,
and also as the Personal Representative of
Troy Charlton Goode, Deceased, and as
Mother, Natural Guardian, and Next
Friend of R.G., a Minor, and also
on behalf of all similarly situated persons**     **PLAINTIFF**

**VS.**     **CIVIL ACTION NO. 3:17CV60-MPM-RP**

**THE CITY OF SOUTHAVEN, et al.**     **DEFENDANTS**

### SOUTHAVEN DEFENDANTS' MEMORANDUM BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

COME NOW Defendants City of Southaven, Todd Baggett, Jeremy Bond, Tyler Price, Joel Rich, Jason Scallorn, Stacie J. Graham a/k/a Witte, Mike Mueller, William Painter, Jr., Bruce K. Sebring, Joseph Spence, and Richard A. Weatherford (collectively "Southaven"), by and through counsel, and in opposition to the motion to compel and for sanctions ("Motion") and supporting memorandum filed by Plaintiff Kelli Goode [Doc ## 792, 793] would show as follows:

The plaintiff contends that Southaven was under an obligation to supplement their discovery responses to disclose a new policy on restraints adopted in December 2019, over four years after the subject incident and almost two years after the close of discovery in this case. The incident occurred on July 18, 2015. The discovery deadline was January 2, 2018. For the reasons set out below, that motion is completely without merit and should be denied.

Magistrate Judge David Sanders talked with Southaven counsel about Plaintiff's request that the Southaven Police Department prohibit the use of the hogtie restraint as part of

settlement. Southaven's counsel asked the City about that issue and learned that the current Handcuffing and Restraint policy implemented on December 3, 2019, by the City's new police chief did in fact prohibit the use of the hog-tie restraint after that date. Plaintiff's counsel acknowledged that he discussed a change in the restraint policy with Judge Sanders during settlement discussions at some point. The current restraint policy was sent to Plaintiff's counsel last week in a good-faith effort to resolve the case.

The plaintiff recites several discovery requests that purportedly were implicated by the change in the policy on restraint, which will be addressed below. However, the plaintiff conveniently and disingenuously omits to cite the one discovery request that expressly inquired about Southaven's policies on restraint: Request for Production No. 2, which sought

> Any City Protocols or Policies or Procedures relating to the restraint of suspects, use of K-9 units, or use of Taser devices in effect from 2013 to the present.

The requests for production were served on June 14, 2016. Thus, the request sought policies on restraint of suspects that were in effect at any time between 2013 and June 14, 2016. Southaven produced documents responsive to the request. Southaven was under no obligation to later produce the current restraint policy adopted in December 2019 as a "supplement" to that response, because that policy was not "in effect from 2013 to [June 14, 2016]." Rule 26 requires supplementation of a discovery response only "if the party learns that in some material respect the disclosure or response is incomplete or incorrect." F.R.Civ.P. 26(e)(1)(A).[1] Southaven's

---

[1] Rule 26(e)(1)(A) provides:
> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
>
> (A)   in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;

production of its policies on suspect restraint was not rendered "incomplete or incorrect" by the subsequent adoption of the current policy in December 2019, because Southaven had produced the policy or policies that were in effect from 2013 through June 14, 2016, and the current policy was not in effect during that time period.

Plaintiff does not argue that the request as phrased was not time-limited. Such an argument would be incorrect in any event. In *Hnot v. Willis Group Holdings Ltd.*, 2006 WL 2381869, at *2 n.4 (S.D.N.Y. Aug. 17, 2006), the court dispensed with any such notion, stating:

> Contrary to what plaintiffs seem to assume, a statement referring to "the present" generally does not refer to any moment in time beyond when the statement was made. Thus, for example, a June 14, 2004, motion to certify a class of employees employed "through the present" should be interpreted to refer to employees employed through June 14, 2004. (The same logic applies to discovery requests; thus, a discovery request dated January 16, 2002, for documents extending "to the present" only requires production of documents in existence on or before January 16, 2002.) If plaintiffs intend to refer to the future, they must use language that makes that clear.

Similarly, the court in *In re High Fructose Corn Syrup Antitrust Litig.,* 2000 WL 33180835, at *3 (C. D. Ill. July 19, 2000), held that a request to produce documents for the period from a stated date "to the present" obligated the defendant to produce only documents in existence up to the date of the discovery request. Thus, under "the clear language of Federal Rule of Civil Procedure 26(e), [defendants] were under no obligation, absent an order from the Court or upon discovering that a response to the July 15, 1997, discovery request was materially incomplete or incorrect, to provide information not yet in existence as of the date they answered the discovery request." *Id.; see also Eldercare Providers v. Home Instead, Inc.*, 2016 WL 10273077, *3 (S.D. Ind. June 10, 2016) ('to the present" language in discovery request means through the date the request was served); *Secretary of U.S. Dept. of Labor v. American Made Bags, LLC*, 2020 WL 2475622, *1 (N.D. Ohio May 13, 2020) (same); *Lugosch v. Congel*, 2006 WL 8451656, *3

(N.D.N.Y. Sept. 14, 2006) (Rule 26(e) requires supplementation to correct or complete a prior response by producing later-acquired information that "pertains to the time period covered by the request, and which thus *should have been produced with the prior response*"); *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, 2006 WL 1295409, *2 (S.D. N.Y. May 10, 2006) ("Subsequently created documents do not render a previously served document response incomplete").

Despite the specific request for restraint policies, which clearly was limited to the period preceding the service of the request, the Plaintiff asserts that other more general requests imposed an obligation to produce the current policy or allegedly related information. The two requests cited by the plaintiff are for "Any City Protocols/Policies and Procedures related to use of force" and "Any materials in any form in your possession related to restraints, dangers of restraints, monitoring of patients in restraints, or dangerous restraint positions." However, these requests do not clearly call for production of policies on suspect restraints, much less for a new policy adopted after the close of discovery, particularly in light of the Plaintiff's other specific request for suspect-restraint policies for a specific time period ending on the date of service of the requests for production. Furthermore, the requests are phrased in terms of then-existing documents and do not clearly call for disclosure and production of any subsequently adopted policies. As noted above, "[i]f plaintiffs intend to refer to the future, they must use language that makes that clear." *Hnot*, *supra*, at *2 n.4. As an example of such a non-time-limited request, the court in *Hnot* cited a request referring to "[a]ll females employed on a full-time salaried basis ... at any time since August 17, 2000, who have *or may be* subjected to [defendant's] challenged compensation policies." *Id*. (emphasis and brackets in original). Thus, to make the foregoing requests extend indefinitely into the future and up to trial, the plaintiff was required to ask not

1245107            4

only for documents then in existence or in Southaven's possession but also for such documents *that may be created or obtained at any time*. Southaven could not reasonably be deemed to have been on notice that those requests called for it to produce a subsequently adopted restraint policy promulgated at any time in the future, particularly since (1) there was a specific request for restraint policies that was limited to the period preceding June 2016; (2) the requests in question contained no clear from-here-to-eternity language; and (3) a subsequently adopted policy prohibiting use of a four-point restraint would be irrelevant and inadmissible as a subsequent remedial measure (as explained below), so the request could not reasonably be interpreted as clearly seeking production of such later policy.  Under the plaintiff's reasoning, Southaven would have to assume that the plaintiff inconsistently asked specifically for restraint policies limited to a stated time period and then, with another request, using broad, general, and ambiguous-at-best language making no specific reference to restraint policies, asked again for such policies without any temporal limitation.

While the plaintiff is correct that the duty to supplement, where it exists, extends beyond the discovery deadline, that observation ignores the fact that there is simply no duty to supplement at any time unless the response in question was incorrect or incomplete. As shown above, the responses in question were not incorrect or incomplete when made and were not rendered incorrect or incomplete by the creation of a document that was not in existence at the time of the response. Furthermore, "a party is under no duty to produce documents which did not exist prior to the close of discovery." *Pharmacy, Inc. v. American Pharmaceutical Partners, Inc.*, 2008 WL 4415263, *3 (E.D.N.Y. Sept. 24, 2008); *accord*, *Hnot*, supra, at *5. Thus, even if the two requests cited by the plaintiff could reasonably be construed to call for disclosure of a new restraint policy enacted after the discovery requests were served in June 2016, it would not reach

the subject policy, which was not adopted until well after the close of discovery by a new administration.

Another reason that Southaven had no duty to produce the current policy is that the scope of discovery extends only to information that is relevant to the issues in this action. Although the plaintiff emotively speaks of the current policy as "highly relevant" and "ruinous to [Southaven's] case," it is, in fact, irrelevant and is explicitly declared irrelevant and inadmissible by Rule 407 of the Federal Rules of Evidence, which provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
>    · negligence;
>    · culpable conduct;
>    · a defect in a product or its design; or
>    · a need for a warning or instruction.

The adoption of the current policy is, under the rule, an inadmissible subsequent remedial measure, because, under the plaintiff's theory, if the current policy had been in place at the time of the subject incident, the harm to the plaintiff's decedent would not have occurred. As is clear from the Motion and supporting brief, the plaintiff's intended use of the current policy is for the prohibited purpose of showing culpable conduct on the part of Southaven. Therefore, the policy is irrelevant to the issues in this action and is inadmissible under Rule 407. Thus, had Southaven produced the current policy in discovery, the plaintiff would be unable to use it at trial. And even if the discovery requests had clearly called for the disclosure of any subsequent policy changes, Southaven would have objected to the request as irrelevant and calling for inadmissible matters. Consequently, even if Southaven had a duty to produce the policy, which it denies, its failure to do so was harmless.

The plaintiff cites some other discovery requests as to which further responses should be

compelled in light of the disclosure of the current restraint policy. However, all such requests for compelled supplementation are premised on the alleged duty to disclose the current policy, and are thus similarly without merit. For example, any changes in training associated with the new restraint policy would likewise be irrelevant and inadmissible as a subsequent remedial measure. Also, the assertion that a request for correspondence related to "the incident" would reach correspondence concerning the new restraint policy is fatuous. In addition, request for admissions nos. 4 and 5 are clearly phrased in terms of training provided in the past, prior to the subject incident, and thus the subsequent adoption of the current restraint policy has no relevance to those requests.

The plaintiff's request for sanctions is premised on her characterization of the alleged failure to supplement as clear, blatant, and willful. However, in light of the foregoing, and particularly the ample authority indicating that there was no duty to supplement under the circumstances, it cannot plausibly be suggested that Southaven was guilty of any clear and willful discovery violation. The non-disclosure of the current policy was entirely the result of the limits, or lack of clarity, of the plaintiff's discovery requests and not to any contumacious conduct by Southaven. Accordingly, the plaintiff's request for sanctions should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny the plaintiff's motion to compel and for sanctions.

This the 14th day of July, 2021.

        Respectfully submitted,

        CITY OF SOUTHAVEN, TODD BAGGETT, JEREMY BOND, TYLER PRICE, JOEL RICH, JASON SCALLORN, STACIE J. GRAHAM, MIKE MUELLER, WILLIAM PAINTER, JR., BRUCE K. SEBRING, JOSEPH SPENCE, and RICHARD A. WEATHERFORD, Defendants

        By: */s/ Berkley N. Huskison*
            BERKLEY N. HUSKISON, (#9582)
            KATHERINE S. KERBY (#3584)

OF COUNSEL:

Mitchell, McNutt & Sams, P.A.
Post Office Box 1366
Columbus, Mississippi 39703-1366
(662) 328-2316 (telephone)
(662) 328-8035 (facsimile)
bhuskison@mitchellmcnutt.com (email)

Kerby Law Firm, L.L.C.
Post Office Box 551
Columbus, MS 39704
(662) 889-3733 (telephone)
(662) 328-9553 (facsimile)
ksearcyk@bellsouth.net (email)

1245107         8

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served, via the Court's ECF system, a true and correct copy of the above and foregoing document on all counsel for the parties.

This the 14th day of July, 2021.

*/s/ Berkley N. Huskison*