IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KELLI DENISE GOODE**, Individually, **PLAINTIFF**
and also as the Personal Representative of
Troy Charlton Goode, Deceased, and as
Mother, Natural Guardian, and Next
Friend of R.G., a Minor, and also
on behalf of all similarly situated persons.

V. NO: 3:17CV60-M-P

**THE CITY OF SOUTHAVEN, et al.** **DEFENDANTS**

## ORDER

Before the Court is the Plaintiff Kelli Denise Goode's motion to compel supplementation of discovery and motion for sanctions pursuant to Rule 37 and inherent powers. [792 &793] The defendants filed their response [795 &796], and the plaintiff completed the briefing with her reply [797]. After reviewing the motion, briefings, and relevant authority the Court is prepared to rule.

This case centers around the plaintiff's late husband, who during an interaction with the police on July 18, 2015, was placed in a "hog-tie" restraint and subsequently transported to the emergency room where he passed away. The largest issue in the case surrounds the method of restraint used by the police, and a jury determination of causation of death.

The requests for production at issue in this motion were served on the defendants on June 14, 2016. [796, p. 2] Specifically, Request for Production #2 sought "[a]ny city protocols or policies or procedures relating to the restraint of suspects, use of K-9 units, or use of taser devices in effect from 2013 to present." [796, p. 2]

The City of Southaven's policies surrounding suspect restraint, and police training for suspect restraint were amended by the new Southaven Police Chief on December 3, 2019. [[796,

1

p. 1-2] However, despite the case being set for trial on September 14, 2020, 9 months later, the document, and other potential documents responsive to the Plaintiff's requests for production were not produced. In fact, the September 14, 2020 trial setting was in place until September 8, 2020 – just 6 days prior to trial starting. [758]

Despite being 6 days away from trial, the defendants had still not produced supplementary discovery. It was not until July 10, 2021, nearly 1 year later and just 9 days before the case's July 19, 2021 trial setting, that the Plaintiff was made aware that updated policies existed, and it was not until July 11, 2021 that the updated policies were produced. [793, p. 5]

As a result of the defendants' failure to timely produce supplemental discovery in compliance with the Federal Rules of Civil Procedure and arguably an ethical issue regarding fairness to opposing party and counsel under Rules of Professional Conduct 3.4; the plaintiff has filed the subject motion to compel and motion for sanctions.

**DISCUSSION**

Rule 26(e) of the Federal Rules of Civil Procedure states:

(e) Supplementing Disclosures and Responses.

> (1) *In General*. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
>
>> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
>> (B) as ordered by the court. . .

Here, the Court is of the opinion that the documents should have been produced as supplemental discovery. The flimsy argument by the defendants that the time descriptive use of "to present" in a discovery request cuts off an attorney's duty to supplement their discovery responses does not

2

pass muster to this Court, otherwise it would essentially negate Rule 26(e). The admissibility of the documents is irrelevant to whether or not the documents must be produced. And as such, the Court hereby ORDERS the defendants to produce any supplemental documents or other evidence responsive to the discovery requests of the plaintiff including but not limited to the 2019 City of Southaven Police Policies and training protocols.

As to admissibility for trial purposes, the Court finds some merit in the defendants' concern about the use and admissibility of the 2019 Policies and training procedures. Federal Rule of Evidence 407 entitled "Subsequent Remedial Measures" states that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or – if disputed – proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evidence 407.

The Advisory Committee Notes further state that the reason that subsequent remedial measures are excluded for proving negligence or culpable conduct is because of a "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Advisory Committee on Fed. R. Evidence 407. Further, courts have applied this principle to exclude evidence of changes in company rules, and discharge of employees, among other remedial measures. Advisory Committee on Fed. R. Evidence 407 (citing Falknor, Extrinsic Policies Affecting Admissibility, 10 Rutgers L.Rev. 574, 590 (1956)).

Here, the Court ORDERS the 2019 Policies of Southaven to be excluded and inadmissible, but should the plaintiff develop a line of testimony during trial that would allow for the admission of the policy under one of the exceptions, the Court will consider its admission at that time. To be

3

sure, the Fifth Circuit has previously warned that they "recognize th[e] risk [of the exception swallowing the rule] and held that the trial judge should guard against the improper admission of evidence to prove prior negligence under the guise of impeachment." *Hardy v. Chemetron Corp.*, 870 F.2d 1007, 1011 (5th Cir. 1989).

In summary, the Court is disappointed in the defense attorneys' lack of candor and integrity of conduct in this case, however, the Court declines to levy any sanctions against the attorneys or parties at this time. But let this be the final warning to both parties, any future failure to comply with the rules of court or to conduct oneself in a professional manner will result in harsh sanctions.

It is hereby **ORDERED** that the Plaintiff Kelli Denise Goode's motion to compel supplementation of discovery and motion for sanctions pursuant to Rule 37 and inherent powers. [792] is **GRANTED** in part and **DENIED** in part. The defendants are **ORDERED** to produce any supplemental documents or other evidence responsive to the discovery requests of the plaintiff including but not limited to the 2019 City of Southaven Police Policies and training protocols, and the 2019 Policies of Southaven shall be excluded and inadmissible, however if the plaintiff develops a line of testimony during trial that would allow for the admission of the policy under one of the exceptions, the Court will revisit its ruling and reconsider the documents' admission at that time.

**SO ORDERED**, this the 16th day of July, 2021.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**